## STATE *vs.* JAMES M. SAVAGE.

### Kennebec.    Opinion January 28, 1879.

*Evidence.    Instructions.    Waiver.*

Objections to evidence should be stated at the time it is offered, and with sufficient definiteness as to apprise the court and the opposite party of the precise grounds of the objection; and all objections not thus specifically stated, should be held to be waived.

When in the trial of an indictment for manslaughter, wherein the accused is charged with the killing of his wife, a conversation of the accused with his wife, on Friday before her death on the following Thursday, is simply "objected to," exception will not be sustained.

And when such declarations and conduct of the accused have some tendency to prove the assault charged in the indictment, exceptions will not be sustained for admitting them.

Nothing appearing to the contrary, this court will presume that all proper and needed instructions were given.

Where a single sentence only from the charge is incorporated into the bill of exceptions, and is excepted to because of its inapplicability to the case on trial, exceptions will not be sustained, if the proposition be correct in the abstract.

ON EXCEPTIONS.

INDICTMENT for manslaughter, charging the defendant with feloniously and wilfully killing Eliza A. Savage, on November 15, 1877.

The deceased was the wife of the accused. There was evidence tending to prove that both had been intemperate in their habits for years, and that he had been in a state of intoxication, more or less, for some ten days prior to the death of the wife, which occurred on Thursday, and that she had drank some; that on Friday previous they came to Augusta together. Testimony in regard to what was said between them at that time, was admitted, against the objection of defendant's counsel, as follows:

Harriet N. Cummings, called by the government: "I saw Mrs. Savage the Friday before she died; saw her come out of the house and get into a wagon; Mr. Savage was with her; Mr. and Mrs. Savage had conversation at that time; he seemed to be harnessing the horse."

Ques. " You may state what the conversation was." [Conversation the Friday before is objected to by counsel for the respondent.]

The court: " It will depend upon what it is. I cannot say until we hear it. You may put it in."

Witness: " She stood waiting for him, and told him she did not feel as if she could go down there. She said she had not eaten a mouthful of victuals to-day, and the pig hadn't been fed and the horse hadn't had anything to eat, and she did not want to go. He said, ' G—d d—n you, you have got to go.' He seemed to be harnessing the horse. He was nearly an hour harnessing his horse. When they got in the first time she told him to get out, that he did not know enough to harness a horse ; told him to get out and fix the harness in some way. He got out and got in again. She then told him something was wrong, and he got out again. I am not sure whether he got out the third time. At any rate, she thought it was not right the third time. He said, ' By G—d, I am going to drive now.' Then they started out."

There was other testimony tending to prove that the accused had assaulted and ill-treated the deceased prior to her death; that she was affected with a disease known as *bleeding purpura* at the time they started to come to Augusta on Friday, and up to the time of her death, and that the accused neglected and refused to provide her with proper care, attendance, necessaries and medical treatment to restore her health, but there was no evidence that the accused, his wife or anyone else knew at the time that she was affected with that or any other dangerous disease.

The presiding judge instructed the jury, in his charge, as follows :

" If a husband should, by his control, refuse and prevent the proper measures being taken to restore his wife to health, and through that gross carelessness or wickedness on his part in depriving her of the necessaries of life, death was brought about, he would be just as guilty as though it was a positive act of violence."

To the ruling of the presiding judge in admitting the testi-

mony, and instructions to the jury quoted, the respondent excepted.

*E. F. Webb*, county attorney, for the state.

*E. F. Pillsbury*, for the defendant.

WALTON, J. The defendant has been tried and convicted of manslaughter, and the case is before the law court on exceptions to the admission of evidence, and to a portion of the judge's charge to the jury.

The evidence, to the admission of which exception is taken, was a conversation between the prisoner and his wife a few days before her death. The evidence tended to show that the husband was then considerably intoxicated, and that he compelled his wife to go to Augusta with him, at a time when she was sick and unable to go. It is contended that the evidence was inadmissible, because it had no tendency to prove the offense set forth in the indictment, and because it tended to prove a cause of death other than that alleged. We think these objections are not open to the defendant. Objections to evidence should be stated at the time it is offered, and with sufficient definiteness to apprise the court and the opposite party of the precise grounds of the objection; and all objections not thus specifically stated, should be held to be waived. This is a well settled and salutary rule of practice, and should be strictly adhered to. *Bonney* v. *Merrill*, 57 Maine, 368. *Long-fellow* v. *Longfellow*, 54 Maine, 240. *White* v. *Chad-bourne*, 41 Maine, 149. *Holbrook* v. *Jackson*, 7 Cush. 136. The only objection made to this evidence, at the time it was offered, appears to have been based on the idea that it was too remote in point of time. The stenographer's note of the objection is as follows: "Conversation the Friday before is objected to by counsel for respondent." No other or more specific objection appears to have been made. The objection thus noted was clearly insufficient, and was properly overruled. The objections now relied upon in argument, cannot be sustained, for the reason, if for no other, that they do not appear to have been made at the time the evidence was offered. But we are also of opinion that the objections could not be sustained if they had been seasonably made.

The prisoner's declarations and conduct are clearly admissible upon general principles, and we think that in this instance they had some tendency to prove the assault charged in the indictment. They showed harsh treatment of his wife, and that he was in a frame of mind, and in a condition, likely to result in an assault. This exception must, therefore, be overruled.

The only remaining exception is to a portion of the judge's charge to the jury. The portion excepted to is in these words:

"If a husband should, by his control, refuse and prevent the proper measures being taken to restore his wife to health, and through such gross carelessness or wickedness on his part, in depriving her of the necessaries of life, death was brought about, he would be just as guilty as though it was a positive act of violence."

As an abstract principle of law, this statement of the presiding judge was undoubtedly correct. It is the precise proposition affirmed in *State* v. *Smith*, 65 Maine, 257. Where, then, is the error? It is claimed that it was erroneous in this case because it authorized the jury to find the defendant guilty upon proof of carelessness, when he was charged in the indictment with an assault. We think this proposition cannot be maintained. If we were at liberty to assume that what is quoted from the judge's charge was said, and that nothing more was said, the argument would have great force. But we are not at liberty to do so. The exceptions do not purport to give the whole of the judge's charge. They do not purport to give all that was said upon this particular point. For aught that appears, the jury may have been instructed, in so many words, that, while this rule of law, with respect to gross carelessness, was true in the abstract, it would not apply to this particular case, because of the averments in the indictment; that, to find the defendant guilty in this case, an assault must be proved, because it was an assault, and not carelessness, that was charged in the indictment. The single sentence from the judge's charge, which is incorporated into the exceptions, is in no way inconsistent with such instructions; nor do the exceptions state that such instructions were not given. Nothing appearing to the contrary, it is the duty of the court to presume that all proper

and needed instructions were given. Error cannot be presumed. It must be made affirmatively to appear or it will be presumed not to exist. No error, either of omission or commission, is made to appear in the bill of exceptions now before us. Everything therein stated may be true, and yet no such errors have occurred. It is, therefore, our duty to presume that no such errors did in fact occur.

*Exceptions overruled.*

Appleton, C. J., Barrows, Virgin and Libbey, JJ., concurred.