## MICAH W. NORTON *vs.* MITCHELL WILLIS.

### Somerset. Opinion June 2, 1882.

*Evidence. Market value. Sales.*

It is admissible to show at what price property has been actually sold, as evidence tending to show its market value. Otherwise, as to unaccepted offers of sale or purchase.

Associated with other facts, it may be competent to show what a defendant in an action of trover gave for six horses at a lump price, when the value of only three of them is to be ascertained. Standing alone the evidence would amount to nothing.

ON EXCEPTIONS.

Trover to recover the value of three horses.
The opinion states the material facts.

*Augustine Simmons*, for the plaintiff.

*Walton and Walton*, for the defendant.

The price paid for an article is not evidence of fair market value. It often depends upon the advantages or necessities of one party or the other, changing the price in the particular instance.

Thus the measure of damages in cases of this sort is not what their value is to A because he has facilities for keeping them, or to B because he has none, but what is their fair market value as articles of sale and merchandise. *Gardner* v. *Field*, 1 Gray, 151.

We have many times witnessed the rejection of such testimony at *nisi prius*.

Still more incompetent was evidence of the price paid for six horses when the value of but three were in issue.

The evidence was advantageous to the plaintiff and injurious to the defendant. That is shown by the conduct of the parties. The plaintiff offered the evidence and it was admitted against the objections of the defendant. *Warren* v. *Walker*, 23 Maine, 453 ; *Winkley* v. *Foye*, 8 Foster, 518 ; *Boyce* v. *Cheshire R. R.* 42 N. H. 97.

PETERS, J. In an action of trover to recover the value of three horses, the plaintiff was permitted to show what the defendant gave in a lump price for these and three other horses. This was upon the question of value. The defendant's counsel contends that evidence of what an article cost or sold for is not admissible. This proposition is not maintainable. It is a common thing to allow competent witnesses to give their opinions as to what property is worth and how much it would probably sell for. *A fortiori*, is it proper to prove how much the property has in fact sold for. It is sometimes competent to show how much similar property has sold for, in order to arrive at the value of property in question. And it would be strange if it were improper to show the price at which the same property was sold for. *Warren* v. *Wheeler*, 21 Maine, 484 ; *Fogg* v. *Hill, Idem*, 529 ; *Snow* v. *Railroad*, 65 Maine, 230.

Such evidence has been admitted by many courts. *Shattuck* v. *Railroad*, 6 Allen, 115; *Kent* v. *Whitney*, 9 Allen, 62; *Brigham* v. *Evans*, 113 Mass. 538; *Whipple* v. *Walpole*, 10 N. H. 131; *Thornton* v. *Campton*, 18 N. H. 20; *March* v. *Railroad*, 19 N. H. 376; *White* v. *Railroad*, 30 N. H. 188; *Carr* v. *Moore*, 41 N. H. 131; *Kelsea* v. *Fletcher*, 48 N. H. 282; *Hoit* v. *Russell*, 56 N. H. 559. In *Watts* v. *Sawyer*, 55 N. H. 38, the court says: "In practical affairs, the value of a thing is taken to be what it will sell for in the market; hence, evidence of sales, that is, of cost, is every day admitted on the question of value." In *Hildreth* v. *Fitts*, 53 Vt. 684, the court says: "Any genuine sale of the property fairly made, near the time of the conversion, we understand may be given in evidence on the question of damages." *Dowdall* v. *Railroad*, 13 Blatch. 403; *Campbell* v. *Woodworth*, 20 N. Y. 499; *Gile* v. *McNamee*, 42 N. Y. 44; *Knickerbocker Life Ins. Co.* v. *Nelson*, 78 N. Y. 137; 2 Whar. Ev. § 1290, and cases cited in note. 2 Greenl. Ev. § 649.

The evidence of unaccepted offers of sale or purchase of property, is ordinarily not admissible, and it is this principle, rather than the other, which the argument upon the brief of the defendant's counsel has reference to. To buy or sell at a price is one thing; to offer to buy or sell at such price is quite another thing. There is too much contingency and uncertainty about offers to buy and sell, to give them importance as tests of value, and such evidence may be easily fabricated. But even to this rule there may be exceptions, where the offers are for property exposed for sale in open market in public places. *Winnisimmet Co.* v. *Grueby*, 111 Mass. 543; *Wood* v. *Insurance Co.* 126 Mass. 316; *Cliquot's Champagne*, 2 Wall. 114; *Whitney* v. *Thacher*, 117 Mass. 523; *Whelan* v. *Lynch*, 60 N. Y. 469; 1 Sedg. Dam. 6th ed. 585.

It is further objected, that it was not competent to prove what price the six horses were purchased at together by the defendant, when only the value of three of them was to be ascertained. Of course, such evidence is more removed from the operation of the rule governing this class of proof than that before named, and, standing alone, might be of little or even of no probative force;

and, still, it helps in a general way to describe and identify the property, and, associated with other facts, may afford aid to the solution of the issue involved. The exceptions do not disclose in what connection this fact came into the case. We can conceive of conditions under which the fact would have weight and be legally available. It is what the defendant himself gave for the property. In such a matter something must be left to the judgment and discretion of the presiding justice, who in this case, no doubt, received the evidence under circumstances which rendered its admission proper and reasonable.

The counsel for the defendant evidently relies upon no other objections to testimony presented in the case.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.