BOOTH BROTHERS & HURRICANE ISLAND GRANITE COMPANY

*vs.*

ALBERT W. SMITH, Admr.

Knox.    Opinion June 6, 1916.

*Interpretation of Revised Statutes, Chapter 91, Section 1, Paragraph VII. Petition for review.*

1. A review may be granted in any case where it appears that through fraud, accident, mistake or misfortune justice has not been done, and that a further hearing would be just and equitable.
2. When a case has been considered and determined by the Law Court, a petition for a review cannot serve the purpose of a re-hearing. It will not lie for the purpose of seeking a revision by the court of its considered conclusions, either of fact or of law.
3. When a case has been considered and determined by the Law Court, a petition for a review will lie only when the court by inadvertence or mistake assumed to be true what the record shows is not true and its decision has been based upon that assumption, or has palpably failed to consider facts and a further hearing would be just and equitable.
4. When evidence is admitted without qualification or restriction, it is in the case for all legitimate probative purposes. Its effect is not to be limited to the precise purpose for which it was stated to be offered.
5. The first count in the declaration in this case is broad enough to cover the claim for which the original plaintiff recovered a verdict.

Petition for review of action *Smith, Administrator* v. *Booth Bros. & Hurricane Island Granite Co.,* reported in Volume 112 Maine

Reports on page 297. Petitioner alleges certain errors in the decision of the Law Court. Petition denied with costs.

Case stated in opinion.

*Littlefield & Littlefield, and Frank H. Ingraham,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This is a petition for a review of an action in which the present defendant was plaintiff, and the petitioner was defendant. That action was tried before a jury, and resulted in a verdict for Smith. The case was taken to the Law Court by the Granite Company on a motion for a new trial, and on exceptions. The motion and exceptions were overruled. *Smith, Admr.* v. *Booth Brothers and Hurricane Island Granite Company,* 112 Maine, 297. Thereupon the petitioner filed in this court a motion for a re-hearing on the ground of alleged errors in the decision of the court. That motion was abandoned. In this state, there is no provision by statute or rule for a re-hearing by the Law Court after a decision rendered. Indeed, there can be no re-hearing in cases where motions and exceptions are overruled. Such cases, after decision, go automatically to judgment, as of the preceding nisi prius term. R. S., ch. 79, sect. 49. It is beyond the power of the court to recall them.

By this petition, the petitioner seeks to accomplish the purpose of a re-hearing. The statute provides that "a review may be granted in any case where it appears that through fraud, accident, mistake or misfortune, justice has not been done, and that a further hearing would be just and equitable." R. S., ch. 91, sect. 1, par. VII. The petitioner alleges as its ground for relief, that "by inadvertence or accident an error was committed by said court [the Law Court] in overruling one of the exceptions" of the petitioner.

The right to a review is created by statute, and is limited to the causes specified in the statute. It may be questioned whether the statute, by proper construction, embraces the inadvertences, or accidents, or mistakes of the tribunal which has heard and decided the case. It might, perhaps, properly be held that the words "accident"

and "mistake" relate only to the conduct and understandings or misunderstandings or misfortunes of the parties, to extraneous matters connected with the preparation and trial of the case, and not in any sense to errors in the conclusions of the court, however caused. But for the present we have no occasion to say, and do not say, that there might not be a case of such palpable mistake in apprehending the evidence in a trial at nisi prius, or the record in a case before the Law Court, or such failure to consider them, as would bring it within the meaning of the statute. *Ætna Life Insurance Company* v. *Tremblay,* 101 Maine at p. 590.

But it is certain that a petition for review cannot serve the purpose of a re-hearing. It will not lie for the purpose of seeking a revision by the court of its considered conclusions, either of fact or of law. *Pickering* v. *Cassidy,* 93 Maine, 139. The conclusions of the court upon disputed issues of fact, or controverted questions of law, must be taken as decisive and unreviewable in that case. That courts err sometimes is sufficiently shown by overruled cases in every state. But when a case has been fairly heard and maturely considered and judgment rendered, it is for the public interest that litigation should cease, and that disappointed litigants should not be permitted to try their cases over again, and subject their adversaries to expensive and oppressive litigation. To delay justice is oft times to deny it. In *Pickering* v. *Cassidy,* supra, the court said: "Mere mistakes in opinion and judgment are outside of the statute, where no data were accidentally overlooked. . . . Even if the court of last resort, without overlooking any data before it, draws erroneous conclusions in reasoning, its judgment should not for that reason alone be subject for reversal, after having been deliberately rendered." Interest rei publicae ut sit finis litium. As we conceive it, if there be any ground for holding that an alleged erroneous decision of the Law Court may be cause for review in any case, it is only when the court has by mistake assumed to be true what the record shows is not true, and its decision has been based upon the mistaken assumption, or has palpably failed to consider facts proved. When such a case comes before the court, the question will be considered further. We think no such error appears in this case.

The history out of which this controversy has arisen is fully stated in *Smith* v. *Granite Co.,* 112 Maine, 297, and need not be re-stated here. A brief resume will suffice. The original suit was brought to recover for one-fifth of the stumpage of 12,000,000 blocks taken from a granite quarry in St. George. It was claimed that the defendant took them by trespass, but the action was in assumpsit, the trespass being waived. The court found that the plaintiff's intestate was the owner of a one-fifth interest in the granite on a farm once owned by Archelaus Smalley, and known as the "Smalley farm." The location of the northerly line of the "Smalley farm" was disputed. Smalley conveyed the granite on the farm in 1836. And in 1867, he conveyed by quitclaim deed all that part of the Smalley farm which contained the granite to John M. Fuller. The granite was excepted. In the meantime Smalley had become the owner of other land northerly of, and adjoining, the Smalley farm, and in his deed to Fuller he described the tract conveyed as bounded "on the north by other land of said Archelaus Smalley." Fuller died. And in 1888, one of his two heirs conveyed the tract to the other. And in 1889 John A. Fuller, the other heir, conveyed to the plaintiff's intestate by warranty deed all the land, at least, that was conveyed by Smalley to his father in 1867. And the deed may have included more, for by the description in the deed, the tract conveyed was bounded on the north by the southerly line of the Booth Brothers & Hurricane Island Granite Company's land. At the trial the Granite Company's title deed was not introduced and its southerly line was not shown. Had it been, it might have saved some trouble. In the warranty deed to the plaintiff's intestate the granite was not excepted. This deed gave the grantee a good title as against a trespasser. So that so far as this case is concerned, the intestate owned one-fifth of the granite on the Smalley farm, and all of the granite between the northerly line of the Smalley farm and the southerly line of the Granite Company's land, if there was any land between these lines. And the court was satisfied by the evidence that there may have been some; that is, that the 1889 warranty deed included some land to the north of the Smalley farm, but south of the Granite Company's land.

The deeds from Smalley to Fuller, and from Fuller's heir to the plaintiff's intestate were admitted subject to exception. Exceptions

were taken.   The overruling of these exceptions is assigned as cause for review.   We do not think it is cause for review.   We do not find that the court based its decision upon facts inadvertently assumed to be true, which the record shows were not true, or that it failed to consider any of the facts proved.   And without that, the reasoning of the court is not reviewable.

But we go further.   We think it is not shown that injustice has been done.   This must be shown before a review can be granted.   *Donnell* v. *Hodsdon,* 102 Maine, 420.   Further consideration leads us to affirm the conclusion we reached in the original case.   We did not hold that the deeds were admissible to show the northern boundary of the Smalley farm, but that they were admissible to show the northerly limits of the land owned by the intestate.   We said,—"If the deed included no land outside of the Smalley farm, it was harmless, for the undisputed evidence elsewhere shows that Smith [the intestate] had a title as already stated, to an undivided part of the granite on that farm.   If the deed included land and granite outside the Smalley farm, the plaintiff may recover for it in this suit."   And it was further held that if Smith's deed covered land and granite north of the Smalley farm, the Granite Company was not prejudiced by the introduction of the deeds, because, although Smith owned all of such granite, the plaintiff had sued to recover for only one-fifth of it.

Of the court's conclusions, the petitioner makes two criticisms which may be noticed.   First, it says that the court gave an effect to the deeds not stated by counsel as a ground of admissibility when the deeds were offered.   Even if it were so, we think there is no merit in the criticism.   The deeds having been admitted without qualification were in the case for all legitimate purposes.   They were to be considered upon all issues upon which they were legitimately evidential.   It is not an uncommon thing to refuse to sustain exceptions to the admission or exclusion of testimony on grounds argued in the Law Court which were not stated to the court at the trial.   The court ruling is entitled to know before admission the nature of all objections, and before exclusion, all the grounds of admissibility, that he may rule advisedly.   But when evidence has been admitted upon any ground, we know of no rule which forbids its consideration upon any issue to which it is

relevant, and as to which it is probative. If evidence is admissible for any purpose, exceptions to its admission will not be sustained, unless it appears affirmatively that it was admitted for an unauthorized purpose. *Dennen* v. *Haskell,* 45 Maine, 430; *McLaughlin* v. *Joy,* 100 Maine, 517. Moreover the plaintiff was not aggrieved, and for that reason its exceptions could not have been sustained. The introduction of the deeds showed that Smith owned as far north as the Granite Company's land. And his deed from Fuller may have included a strip between the Smalley farm and the company's land. Nevertheless, if the plaintiff was permitted to recover for no more granite than the company had taken, and for no more than was declared for in the writ, it cannot be said that the company was aggrieved.

But, the petitioner urges, secondly, that it was aggrieved because it says the plaintiff was permitted to recover more than was sued for, namely, for granite north of the Smalley farm. It contends that the plaintiff at the most could recover only for granite on the Smalley farm, and that he was limited to the Smalley farm by his declaration. We do not think so. The declaration contained three counts. The first was upon the following account annexed:

"To stumpage or rental of 1-5 int. in quarry located at Long Cove, St. George, Me., for 12,000,000 blocks taken therefrom during the last 6 yrs. prior to this writ at $7 per M. for full stumpage ..................................... $2400.00
To 1-5 stumpage rental or use of said quarry for the production of posts, specials, dimension and random stone and other granite than paving blocks taken from said quarry and sold .......................... 400.00

                                                            $2800.00"

The second count is for granite bargained and sold and furnished, and need not be considered. The third count alleged that the defendant by consent had been operating and taking the granite on the Smalley farm and was indebted therefor to the plaintiff to an amount equal to one-fifth of what the granite was reasonably worth. It was further stated in the declaration by way of specifica-

tion that "the amount is the amount set forth in the account hereto attached, and that the detail of the same is as therein specified "

It is too late now to inquire whether it would not have been better pleading, in a case where assumpsit is brought to recover the proceeds of a trespass, the tort being waived, to declare for money had and received, rather than upon an account annexed. The inquiry now is whether the declaration, or any count in it, is broad enough to cover granite taken from land belonging to Smith north of the Smalley farm. The third count is without question limited to the Smalley farm. The first count however is not so limited. It is limited only to the "quarry, located at Long Cove, St. George." The quarry may have been in the Smalley farm, or it may have been partly on that farm and partly on the land north. The petitioner, however, seeks to limit the first count by the specification to which we have referred in the third count. It is argued that the declaration ties the first and third counts together, and specifies and makes certain what is referred to in the account annexed. The third count is certainly tied to the first one, and limited by it. But we think the first count is not tied to, or limited by, the third. The first count stands alone unspecified and unlimited, save by its own language. And that language does not confine the right of recovery to the Smalley farm. And we would not be justified by the record before us in saying that it was intended so to confine it.

*Petition denied, with costs.*