JOHN H. LOOK *vs.* C. A. WATSON & SONS.

Franklin.   Opinion November 25, 1918.

*Principal and agent.   Rule in regard to entering general appearance for defendants. Rule as to proving agency by the testimony of the agent.   Rule as to liability of one who holds himself out as partner, even though such partnership does not exist.   Pleading and practice.   Pleading non-joinder when true relation does not appear upon inspection.   Rule as to pleading of misjoinder, or how the same can be taken advantage of.   Rule as to plaintiff failing in his action where too many defendants are joined.   Procedure under Statute where too many defendants are made parties to action.*

Action of assumpsit against three defendants as co-partners under the name of C. A. Watson & Sons.   The defendants contended that there was no such partnership and that the plaintiffs dealings were with a corporation bearing that name.

The presiding Justice directed a verdict for the plaintiff.   The defendants excepted.

The defendants did not file an affidavit under Supreme Judicial Court, Rule X, denying partnership and did not plead mis-joinder in abatement.

*Held:* That so far as C. A. Watson is concerned the ruling of the presiding Justice was justified.   C. A. Watson held himself out as a member of a partnership bearing the name C. A. Watson & Sons and the plaintiff relied upon such partnership in extending credit.   But the verdict was ordered not only against C. A. Watson but also against R. A. Watson and George Watson.   The case shows that George Watson was not a partner and it does not appear that he ever held himself out as such.

A defendant who holds himself out as a partner is liable to a plaintiff who believing in and relying upon such partnership enters into a contract involving the

giving credit to it. This principle applies although the defendant is not a partner and notwithstanding that such supposed partnership is in fact but without the plaintiff's knowledge, a corporation.

A defendant sued as a partner who files no affidavit (under Rule X) but who challenges the existence of the alleged partnership is precluded from demanding affirmative proof on that issue but not from introducing negative proof. When not seasonably and on oath denied, the existence of an alleged partnership is prima facie but not conclusively presumed.

Mis-joinder was not pleaded in abatement. It was not necessary. In actions of contract when the situation does not appear upon inspection of the pleadings non-joinder must be pleaded in abatement but mis-joinder is available under the general issue.

Action of assumpsit upon account annexed. Defendant filed plea of general issue, also brief statement. At close of evidence presiding Justice directed verdict for plaintiff, to which ruling exceptions were filed. Judgment in accordance with opinion.

Case stated in opinion.

*Frank W. Butler*, for plaintiff.

*Elmer E. Richards, and Sumner P. Mills*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. John H. Look brings this action of assumpsit on account annexed against C. A. Watson, R. A. Watson and George Watson, as co-partners under the name of C. A. Watson & Sons. A check is also declared upon but not printed. The case comes to the Law Court upon exceptions to the ruling of the presiding Justice directing a verdict for the plaintiff.

The defendants allege and prove that "C. A. Watson & Sons" is the name of a corporation. This fact is not decisive. It is not very material unless it also appears that the dealings involved in this action were between the plaintiff and that corporation. The plaintiff, on the other hand, contends that his dealings were with a partnership doing business under the same name. He claims further that if he has not proved the partnership he has at least proved facts and circumstances which estop the defendants from denying its existence and its liability.

The plaintiff urges that the defendant's appearance was general and not special. This point relates to jurisdiction but does not go to the merits of the controversy. A general appearance waives defects in service and want of jurisdiction over the defendant's person but does not relieve the plaintiff from the burden of proving the allegations of his writ.

Turning to the evidence in the case, it appears that the plaintiff's transactions were largely with Joel P. Barrett. The defendants say that Barrett was agent for the corporation and not for them, or any of them, individually. The plaintiff, on the other hand, says that Barrett was agent for the individual defendants. He seeks to prove this by showing that Barrett, in reply to the plaintiff's inquiry, gave him the names of the defendants as his principals. But while agency may be proved by the testimony of the alleged agent it cannot be proved by his admissions out of court.

"To permit the proving of the agency by proving the declarations of the agent would be assuming without proof that which is a prerequisite to the admissibility of the declaration." *Bennett* v *Talbot,* 90 Maine, 231; *Hazeltine* v. *Miller,* 44 Maine, 177; *Sleeper* v. *Ins. Co.,* 61 Maine, 272; *Eaton* v. *Provident Association,* 89 Maine, 58; *Hill* v. *Foss,* 108 Maine, 472.

The defendants cannot be held on the principle of liability of an agent for an undisclosed principal. Neither R. A. Watson nor George Watson were concerned in making the contract sued upon and there is no evidence that C. A. Watson was agent for the corporation for the purpose of buying apples.

The plaintiff testifies that C. A. Watson gave him express directions to pack and ship the apples in question. But the testimony of C. A. Watson, not categorically but in effect, contradicts this. It cannot be said that the evidence of the plaintiff so greatly and manifestly outweighs that of the defendant as to justify a directed verdict. If the directed verdict can be sustained it must be upon the well established principle of law which we state thus:—

A defendant who holds himself out as a partner is liable to a plaintiff who, believing in and relying upon such partnership, enters into a contract involving the giving of credit to it. This principle applies although the defendant is not a partner and notwithstanding that such supposed partnership is in fact, but without the plaintiff's knowledge, a corporation.

The bare statement of this principle defines the status of the defendant, C. A. Watson, as shown by undisputed evidence.

In the autumn of 1917 a large business in buying and shipping apples was conducted in Maine by C. A. Watson & Sons. This business was so carried on not only with the full knowledge of the defendant, C. A. Watson, but in some transactions with his active participation. The plaintiff received several checks signed "C. A. Watson & Sons, by J. P. Barrett, Agent." The name "C. A. Watson & Sons" signifies to the ordinary mind not a corporation but a partnership of which C. A. Watson is a member. The plaintiff was engaged by Joel P. Barrett to buy apples for this concern. Barrett did not inform the plaintiff that C. A. Watson & Sons was a corporation. He did not know it himself. At the Exchange Hotel, before the apples sued for were shipped, Barrett introduced the plaintiff to C. A. Watson as "the gentleman that was buying apples for him." The defendant, C. A. Watson, now says in substance: "My name as used in connection with C. A. Watson & Sons did not mean me. It was merely a part of the name of a corporation in which I was not interested, either as officer, director, or stockholder. But he said nothing tantamount to this, either to the plaintiff or Barrett and said nothing and did nothing to correct in the mind of the plaintiff the very natural inference that he was dealing with a partnership in which C. A. Watson was concerned.

No question can well be raised as to the plaintiff's belief in and reliance upon the liability of C. A. Watson. Upon the undisputed evidence above summarized C. A. Watson held himself out as a partner and is liable to the plaintiff as such.

This conclusion is abundantly supported by authorities.

*Speer* v. *Bishop*, 24 Ohio State, 598. This case arose under practice corresponding with a petition for review. The original action was against Henry Speer et als., as co-partners under the name of Henry Speer & Company. It appeared that Henry Speer was not a member of the firm at the time the goods sued for were sold and that there had been no previous dealings between the plaintiffs and the firm of Henry Speer & Company. The court in its opinion says: "His (Henry Speer's) consent to such use of his name was, in effect, a continuing representation to those ignorant of the facts, that he was one of the firm."

*Hamilton* v. *Davis et al.*, 90 N. Y. S., 370. The defendants were sued as partners under the name of Davis & Darcy, upon a contract signed "Davis & Darcy, per Chas. L. Young." Davis and Darcy was in fact (unknown to the plaintiff) a corporation and the defendants contended that the action should have been brought against the corporation. The court holds, "These circumstances justified the court below to hold that the defendant Davis was estopped from denying that the contract was made with a firm of which he and Darcy were the members. . . . . It was apparent that the plaintiff was induced by Davis & Darcy to believe that she was contracting upon the faith of their liability as individuals and members of a firm. . . . . The corporation bore a name, to their knowledge, and with their approval and consent, which would ordinarily indicate a co-partnership, rather than an incorporated body. "

*Bourgeois* v. *Bustanoby*, 138 N. Y. S., 366. This was an action for goods sold upon an order signed "Bustanoby Bros., per Louis Bustanoby." The defendants proved in defense that Bustanoby Brothers was a corporation. In ordering judgment for the plaintiff the court says: "The mere fact that a corporation existed under the name of Bustanoby Bros. does not prevent stockholders from making contracts individually, and, if they do make such contracts, they are personally liable; nor does it preclude the stockholders from forming a firm, and doing business under a firm name, even though the corporation may have also adopted the same name. In this case the order was given under circumstances equivalent to a direct representation that the firm of Bustanoby Bros., composed of Louis, Andre, and Jacques Bustanoby, was giving the order, and the plaintiff had a right to make the contract with them and to hold them liable."

See also the following authorities: *Haug* v. *Haug*, (Ill) 61 N. E., 1053; *Kahn* v. *Bowden*, (Ark.), 96 S. W., 126; *Cirkel* v. *Ellis*, (Minn.) 31 N. W., 513; *Kritzer* v. *Sweet*, (Mich.), 24 N. W., 764; *Harris* v. *Sessler*, (Tex)., 3 S. W., 316; *Ellis* v. *Jameson*, 17 Maine, 235; *Rice* v. *Barrett*, 116 Mass., 312; *Smith* v. *Hill*, 45 Vt., 91.

We think that the liability of C. A. Watson is abundantly shown.

But the verdict is against C. A. Watson, R. A. Watson and George Watson.

Whatever may be true of R. A. Watson, the undisputed evidence shows that George Watson was not a partner of C. A. Watson. It is not proved that he held himself out as such.

The fact that no affidavit under Supreme Judicial Court Rule X, was filed is not decisive.

A defendant sued as a partner who files no affidavit but who challenges the existence of the alleged partnership is precluded from demanding affirmative proof on that issue, but not from introducing negative proof. When not seasonably and on oath denied the existence of an alleged partnership is prima facie but not conclusively presumed. *Hewins* v. *Cargill*, 67 Maine, 554.

Mis-joinder was not pleaded in abatement. It was not necessary.

In actions of contract when the situation does not appear upon inspection of the pleadings non-joinder must be pleaded in abatement but mis-joinder is available under the general issue.

"It is a well established principle in the English Law that in assumpsit where too many defendants are joined the plaintiff must fail in his action though he prove an express or implied promise against some of them." *Cutts* v. *Gordon*, 13 Maine, 478.

"If it (mis-joinder) appears on the pleadings it gives rise to a demurrer; if it appears at the trial, to an adverse verdict." *State* v. *Chandler*, 79 Maine, 174.

Under the authority of R. S., Chap. 87, Sec. 14, the plaintiff by amendment might have stricken out the name of any defendant not liable.

This not having been done and the verdict being general against all defendants the entry must be,

*Exceptions sustained.*