Monroe Loan Society of Maine *vs.* John W. Owen.

Cumberland.     Opinion, April 1, 1946.

*Elton H. Thompson, and Walter F. Murrell,* for plaintiff.

*William E. Perlin,* for defendant.

Sitting: Sturgis, C. J., Thaxter, Manser, Murchie, JJ., and Chapman, Active Retired Justice.

Thaxter, J.   This is an action on the case for false representation, in which the plaintiff seeks to recover against the defendant for the balance due on a loan of $300 represented by a note. The defendant received a discharge in bankruptcy and the loan was listed as one of his debts. The recovery is sought notwith-

standing the discharge in bankruptcy on the ground that the loan was procured by the false representation of the defendant. The action was tried by a justice of the Superior Court without a jury with right of exceptions reserved on questions of law. He found for the defendant and the case is before us on exceptions. The only exception before us which is entitled to consideration is as to the exclusion of certain evidence.

A question asked of the defendant on cross-examination sought to bring out that shortly after he obtained the loan from the plaintiff and prior to his act of bankruptcy he obtained a loan from another company by the use of a similar fraudulent statement. The question was objected to and a colloquy with the court ensued as to the purpose for which the evidence was offered. The basis of the plaintiff's objection to the ruling excluding the evidence is stated in the bill of exceptions as follows:

"That the Presiding Justice erred as a matter of law in refusing to permit questioning of defendant on cross-examination as to another absolutely similar transaction by the same defendant in order to establish fraudulent intent, to prove that fraudulent representation, with the same fraudulent intent, were made by the said defendant about the same time to other persons."

The evidence is made a part of the bill of exceptions, and the discussion of this subject, which covers more than three pages of the record and is set forth in part in the bill of exceptions, must be read in full in connection with the above statement. When read in its entirety it is clear that the court was told in unmistakable terms that the purpose of the question was to bring out evidence to impeach the credibility of the witness. The court sustained the objection to the question on the ground that the evidence would be inadmissible for such purpose. The rule is well established that "objections to evidence should be stated at the time it is offered, and with sufficient definiteness to apprise the court and the opposite party of the precise grounds of the objection;

and all objections not thus specifically stated, should be held to be waived." *State* v. *Savage,* 69 Me., 112, 114.

The evidence would have been clearly inadmissible for the purpose of impeaching the credibility of the witness and the ruling of the court was correct.

*Exceptions overruled.*

## CONCURRING IN RESULT

MURCHIE, J. I concur in the result but believe it should be reached by considering the two alleged exceptions on their merits. I cannot subscribe to dismissing one of them as not "entitled to consideration," without stating the reason therefor, or disposing of the other by deciding a question of law which was neither raised in the Bill of Exceptions nor argued.

The second alleged exception was intended to assert that there was no credible evidence to support the decision rendered in the Trial Court. The record shows that the defendant and three supporting witnesses testified that the plaintiff was responsible for the incompleteness of the financial statement alleged to constitute its falsity. If considered on its merits this exception would necessarily be overruled.

The first alleged exception, quoted in the majority opinion, is appropriately phrased to pose the issue whether the evidence excluded was admissible within the principle declared in *McKenney* v. *Dingley,* 4 Me., 172. The language of the exception carries assurance that the Justice who excluded it ruled upon that issue and not upon that of impeaching credibility.

Nothing in *State* v. *Savage,* 69 Me., 112, justifies weighing an extended colloquy "in its entirety" with complete disregard of its parts. The case deals with evidence admitted over a single objection but it recognizes that plural objections may be stated and urged in appellate proceedings. It is only those not stated that are waived.

The evidence was offered for a dual purpose, i.e. to impeach

credibility and to establish fraudulent intent. The latter purpose was stated twice in the colloquy. I quote the two statements in sharply skeletonized form:

"To show . . . an act . . . of a similar nature, in similar circumstances. . . ."

". . . we ask the question based on an act of a similar nature . . . whereby another company was induced. . . ."

That the Justice who excluded the evidence knew of this purpose and ruled in contemplation of it is attested by the phraseology in which the exception is alleged and allowed, all taken substantially from the full language of the two excerpts. That last quoted was ushered in by words specially designed to emphasize the issue intended to be raised by an exception:

"I would like to note with my exception."

That counsel for both parties knew of the purpose is apparent from their briefs. Both are devoted to it. Neither discusses impeaching credibility. The exception should be overruled on its merits because irrelevant to the issue which controlled the decision below.