HARLAND L. RAWLEY

*vs.*

PALO SALES, INC., and

KNOX COUNTY TRUST COMPANY, TRUSTEE

Knox.    Opinion, December 29, 1949.

*A. Alan Grossman,* for plaintiff.

*Samuel W. Collins, Jr.,* for defendant.
*Alan L. Bird*

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This case is before the Law Court on defendant's general motion and exceptions, after jury verdict for plaintiff in Superior Court for Knox County.

The action in assumpsit, with account annexed to the writ and a count in *quantum meruit*. The account was for the following items furnished to the defendant corporation during the years 1946, 1947 and 1948: 64 spiles at $6, $384; 2 platform scales at $80, $160; 140 feet double bar chain, $400; mooring in harbor $150; water supplied from well 2 years at $600 per year, $1,200; use of ice house 2 years at $200 per year, $400; use of barn 2 years at $240 per year, $480. The total claim was $3,174. The jury verdict was $2,171.

The defendant corporation was engaged in the lobster and fish business at Tenant's Harbor. The plaintiff leased certain of his property there to the corporation in 1946, and was employed by the corporation as the Branch Manager. The items for rent of ice house and barn were not covered by the lease, nor was there a lease of the well. The plaintiff testified that he often talked with H. K. Draper, president of defendant Palo Sales, Inc., who had full power to act for the corporation, and at his request, or order, furnished the items in the account, and that during the various transactions and after the items had been furnished, he talked several times personally or by telephone with Mr. Draper about payment, and that each time Mr. Draper assured the plaintiff that the corporation was not then making money but he would be paid. The plaintiff said "every time I would ask him he would say 'you are losing money down there. You are getting your pay every week. Now wait awhile. I will pay you. I will pay you the full amount and more too.' "

The defendant offered testimony of officers and employees in an endeavor to show to the jury that there was no understanding with the defendant corporation, or its president, as claimed by the plaintiff in regard to the items sued for;

that they were furnished to the defendant by the plaintiff free of any charge or expectation of pay; that the plaintiff was employed by the defendant on a salary, which salary had been increased; and that the defendant did work for the plaintiff on plaintiff's home and other property, and furnished some building materials to the plaintiff in return for these items. Mr. Draper, the president of the corporation, however, who was the only person other than the plaintiff that knew the complete facts, did not testify to deny the statements of the plaintiff regarding arrangements or agreements to obtain the items from the plaintiff, and the subsequent promises to pay. Further than this, a deposition of Draper, which the record shows was taken in Boston at the request of defendant, was never offered by defendant's counsel. Many witnesses testified for the defendant during the long trial, but the testimony related to market values primarily, although some testimony was produced by defendant in an attempt to show contrary and contradictory statements by the plaintiff, relative to giving the rent and materials to the corporation with no expectation of pay.

The evidence for the plaintiff of the fair market values of the foregoing articles and items furnished, came from the plaintiff himself, and in several instances the cross examination of the plaintiff elicited the information that his opinion may have been based wholly, or in part, on replacement values. The jury was carefully instructed that, if the verdict was for the plaintiff, replacement was not the criterion but fair market value was, and that if there was no evidence from which fair value of any item could be ascertained, nominal damages only were to be assessed. No exceptions to the charge were taken.

The evidence introduced by the defendant challenged every value of every item as claimed, and as testified to by the plaintiff. For example, witnesses for defendant placed values on long spiles at less than one dollar each, because of board measure; on the platform scales at one dollar each,

and one dollar for 140 feet of double bar chain, and one dollar for the mooring in harbor. The defendant in its brief claims that the total values of all the items does not exceed $245.19. The defendant corporation also denies any agreement or expectation to pay, and claims that the circumstances were such that the plaintiff had no ground to expect pay.

The law applicable to this case was fully and very clearly given by the presiding justice. There is nothing to indicate that the jury did not follow the law as stated in the charge. There were no exceptions to the instructions as given, and no other or further instructions requested. There are about 400 pages of testimony taken during a careful and hotly contested four-day trial. The evidence is conflicting. The jury found for the plaintiff, but the claim of the plaintiff was reduced in the verdict by more than one thousand dollars. It is only possible to conjecture what items were reduced by the jury, and what items, if any, were not favorably considered. The jury could find under the evidence the amount that it assessed, or it could have found for a lesser or a larger amount. It could have rendered a verdict for defendant.

This court cannot say that the verdict here is clearly wrong. There is competent evidence on which reasonable men might differ in conclusions. *Eaton* v. *Marcelle,* 139 Me. 256. We do not have the benefit of a "close up picture" of the witnesses upon the stand, and those indefinable impressions gained during a trial, that may indicate where the real truth lies. A Knox County jury composed of capable Maine citizens with experience, and having a first hand knowledge of the manner of the witnesses and existing conditions in local affairs, should be better able to decide the disputed questions of fact than is anyone who reads only a printed page. It certainly has not been shown to the court that there was "prejudice, bias, passion or mistake."

*Jannell* v. *Myers*, 124 Me. 229. The motion for a new trial must be overruled.

## EXCEPTIONS

The first complaint in the defendant's bill of exceptions is that the plaintiff, while offering proof of his claim that $600 a year was a fair amount to charge for the water from his well, was permitted under objection to tell a conversation between Mr. Draper, the president of defendant corporation, and a Mrs. Morris who carried on a hotel. Mrs. Morris was obtaining her water supply from the same well and apparently was not getting a sufficient amount. The record is as follows:

> "Mr. Draper said he wasn't going to be without water whether she was or not, and she wanted to put the pipe down in the well deeper, and he told her on the wharf, he said 'You can put the pipe in the well two inches more for a thousand dollars' and she said: 'Well, I only want it for four more weeks.' 'Well,' he says: 'That is the price if you want it.' So if he was going to charge her a thousand dollars for four weeks I thought $600 for twelve months was a fair price, and I could have got $300 from her — (objected to) — for four months."

> The court: "That may be stricken out, and the jury will disregard it."

Later the attorney for the defendant asked the plaintiff on cross examination:

Q. "You charge on a yearly basis of $600 a year for the use of that water. What is your basis for it?"

A. "Mrs. Morris would give me $300 for four months a year."

The defendant's attorney having asked the question then objected to the answer without giving a reason for his objection and not requesting it to be stricken from the record.

The bill of exceptions further complains that when the defendant attempted to show in defense, the cost of digging a new well in another place at a later time, the evidence of the cost of the new well was excluded. It is also a complaint that the defendant's witness, Milton M. Griffin, who owned a well on Spruce Head Island, several miles distant, and who sells water from his well, was not permitted to testify for the defendant as to fair market value of water from his (Griffin's) well, or what he (Griffin) charged his customers.

The matter then under consideration was the fair value at Tenant's Harbor of the water furnished by the plaintiff from his well to the defendant corporation. The fact that the president of the corporation, with full authority to act, may have stated the price to reset a pipe, might be some evidence for the jury to consider as to value. The last and argumentative portion of the plaintiff's answer was stricken and the jury instructed not to consider it, although defendant's attorney asked in cross examination for it later, and then objected to the answer. The charge of the presiding justice removed any improper effect of these admissions and exclusions by correctly stating the law of damages.

Relevancy and materiality are dependent on probative value. Any evidence tending to prove a matter in issue is admissible within the judicial discretion of the presiding justice, unless it is excluded by some rule or principle of law. Rules of evidence are usually rules of exclusion, and evidence is often admitted by the trial court, not because it is shown to be competent, but because it is not shown to be incompetent. *McCully* v. *Bessey,* 142 Me. 209; 49 Atl. (2nd) 230. This evidence, if true, was not of an unaccepted offer of sale or purchase of an article, as in *Norton* v. *Willis,* 73 Me. 580 cited by defendant, but related to the price the defendant fixed to "put the pipe in the well two inches more." As said in the *Willis* case, "something must be left to the judgment and discretion of the presiding justice."

The only reason for objection stated by the defendant's attorney was, "I don't see the relation of this." If he had other reasons for objection he should have then stated them. *Booth* v. *Hurricane Island Granite Co.,* 115 Me. 89, 93; *Brown* v. *McCaffrey,* 143 Me. 221; 60 Atl. (2nd) 792.

We fail to see error on the part of the trial court in admitting the alleged conversation of the president of the corporation for what it might be worth for the jury's consideration. We do not see error in failing to strike out the responsive answer of the plaintiff to the defendant attorney's question to give "basis for it," when the record shows no request to strike. The cost of digging another well in another place was not improperly excluded. It was also within the judicial discretion of the trial judge to exclude the price asked for, or the market value, or water from a witness' well in another location and under different conditions. In fact, we find no abuse of the judicial discretion of the trial court in admitting or excluding any of the testimony quoted in the defendant's bill of exceptions.

*Exceptions overruled.*

*Motion for new trial overruled.*