CARL R. WRIGHT, ADMR.
ESTATE OF GEORGE A. LIBBY
*vs.*
RICHARD BUBAR

Somerset.    Opinion, July 1, 1955.

*Carl R. Wright,*
*Eames & Eames,* for plaintiff.

*Anthony J. Cirillo,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MR. JUSTICE TIRRELL sat at the time of argument and took part in the conference but died before writing of the opinion.

WILLIAMSON, J.  This is an action upon an account annexed to recover for goods sold by the plaintiff's intestate to the defendant.  The case is before us on exceptions to the introduction of evidence, and to the refusal of the presiding justice to direct a verdict for the defendant, and also upon a general motion for a new trial on the usual grounds.

The defendant pleaded the general issue with a brief statement setting forth the defense of infancy and lack of ratification after reaching twenty-one years of age.  The plaintiff filed a replication alleging such ratification.  The plaintiff abandoned his contentions that the defendant was not a minor at the time of the contract and that the suit was for necessaries.  The auditor appointed by the court found $648.31 was due on the account, which amount was stipulated by the parties to be the true balance for purposes of the action.  The jury returned a verdict for $642.62.  No question arises from the small difference between the stipulated amount and the verdict.

## FIRST EXCEPTION

The defendant excepted to the admission of the statutory affidavit of the plaintiff, commonly used to prove an itemized account.  The statute reads, in part:

> "In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the suit with all proper credits given and that the prices or items charged therein are just and reasonable shall be prima facie evidence of the truth of the statement made in such affidavit and shall entitle the plaintiff to the judgment unless rebutted by competent and sufficient evidence."

> R. S., c. 100, § 132 (1944) ; now R. S., c. 113, § 132 (1954).

The record reads:

> "THE COURT:   Do you care to give the reason or reserve your rights?
>
> "MR. CIRILLO:   I will reserve my right.
>
> "THE COURT:   Plaintiff's exhibit No. 1 admitted over the objection."

It is not clear what court and counsel had in mind in the reservation of rights. Thus we are left with no stated grounds of objection. The exception must be overruled for failure to meet the test that "Exceptions to the admission of testimony will be sustained only when the specific grounds of the objections are stated in the trial court." *State* v. *Budge,* 127 Me. 234, 241, 142 A. 857 (1928) ; *Rawley* v. *Palo Sales,* 144 Me. 375, 70 A. (2nd) 540 (1949) ; *Booth Bros.* v. *Hurricane Island Granite Co.,* 115 Me. 89, 97 A. 826 (1916) ; *McKown* v. *Powers,* 86 Me. 291, 29 A. 1079 (1894). "The rule is well established that 'objections to evidence should be stated at the time it is offered, and with sufficient definiteness to apprise the court and the opposite party of the precise grounds of the objection; and all objections not thus specifically stated, should be held to be waived.' *State* v. *Savage,* 69 Me. 112, 114." *Monroe Loan Society* v. *Owen,* 142 Me. 69, 70, 46 A. (2nd) 410 (1946).

If we treat the exception as properly before us, the defendant would gain no advantage. The objections in argument are that the plaintiff administrator did not have personal knowledge of the items charged and that there was no suppletory oath. The statute carefully provides for the evidential force of the affidavit. There are no objections to the form or content of the affidavit before us. The suppletory oath, whatever function it may perform elsewhere in the law, has no part in the evidence introduced into the case through the statutory affidavit.

In *Mansfield* v. *Gushee,* 120 Me. 333, 114 A. 296 (1921), our court discussed the use of the affidavit and its weight in evidence when offered by a representative party. Under the rule there stated, the affidavit was admissible and the jury was entitled but not compelled to accept it as proof of the facts there stated.

## SECOND EXCEPTION

In considering the second and the remaining exceptions we must consider the statute, which reads:

> "No action shall be maintained on any contract made by a minor, unless he, or some person lawfully authorized, ratified it in writing after he arrived at the age of 21 years, except for necessaries or real estate of which he has received the title and retains the benefit."

> R. S., c. 106, § 2 (1944) ; now R. S., c. 119, § 2 (1954).

The point at issue is whether the contract was ratified in writing by some person lawfully authorized. The defendant was born May 15, 1930. Accordingly, it appears that the contract was made when he was a minor, and that the letters, later discussed, were written and this action was brought after he reached his majority. There is no contention that the defendant ratified the contract in writing by his own hand.

The following letter, which is the subject of the second exception, dated July 11, 1952 and addressed to the plaintiff, was offered in evidence during the cross-examination of the defendant:

> "In regards to your letter of the 24th of June. It is impossible for me to pay the bill at this time in full.

"If it is okey I could pay five dollars a week on it until I have the money to finish paying in full.

Very truly yours,

M.B. Richard Bubar"

The defendant testified that the letter was in his wife's handwriting. He objected to its admission on the ground that it was "a letter written by somebody else," not the defendant. The letter was an essential part of the evidence by which the plaintiff proposed to show ratification in writing by a person authorized by the defendant. The letter was properly admitted. The exception is overruled.

## THIRD EXCEPTION

The third exception raises precisely the same issue as the second exception. It relates to the following letter dated July 19, 1952, and addressed to the plaintiff:

"It is impossible for me to pay the bill in full as I said before because I haven't the money at present.

"However if you don't think $5.00 a week is satisfactory. What is? It seems as though we could come to an agreement to some kind of payments.

Very truly yours,

M.B. Richard Bubar"

The letter was properly admitted. The exception is overruled.

## FOURTH EXCEPTION AND GENERAL MOTION

The same questions are presented by the exception to the refusal to direct a verdict for the defendant and the motion for a new trial. *Tibbetts* v. *Central Maine Power Co.*, 142 Me. 190, 49 A. (2nd) 65 (1946). The basic question in our view of the case is whether the jury could properly find that

the defendant's wife was authorized by the defendant to send the letters mentioned above. In other words, was she "some person lawfully authorized"? If the letters, or either of them, had been signed by the defendant, they would have constituted the ratification necessary to support the plaintiff's action.

From the record the jury could well find as follows:

Between July 31, 1952 and January 9, 1953, payments from defendant's earnings in the amount of $120.68 were made by defendant's wife. In answer to the question, "How did she get the money to send to Mr. Wright?" the defendant replied, "Well, she gets my check Saturday and she pays the bills with it." He also testified in part, as follows:

"Q. She (the wife) took care of the money matters for the Richard Bubar family, is that the situation that existed?
"A. Well, more or less. I had something to say about it.

"Q. Certainly, and she tried to take care of this back bill didn't she that you owed the George Libby estate?
"A. Yes.

"Q. You were trying to clear it up?
"A. Yes.

"Q. You had given her the authority to pay that bill hadn't you?
"A. No.

"Q. You didn't object when she made the payments certainly?
"A. Well no, not much to say.

"Q. You knew they were being made?
"A. No."

\* \* \* \* \* \*

"Q. Your wife went ahead and answered this letter on her own?
"A. Yes.

"Q. She signed your name though?
"A. Yes.

"Q. Why did she do that?
"A. I don't know.

"Q. It was the practice in your family though wasn't it?
"A. Yes, it might have been the practice."

The jury was not obliged to accept the defendant's repeated denials of authority in his wife to ratify his contract in writing. He would have it that his wife, who transacted the business affairs of the family, went beyond her authority, not to be sure in spending his money and not in paying on the plaintiff's account, but in ratifying it.

Further, the defendant's wife, who was obviously a key witness on the existence of agency, did not testify. Her absence was unexplained. The jury if they so chose were entitled to infer that the tenor of her evidence would have been unfavorable to her husband. See *Look* v. *Watson & Sons*, 117 Me. 476, 104 A. 850 (1918) ; *Berry* v. *Adams*, 145 Me. 291, 75 A. (2nd) 461 (1950) ; 2 Wigmore, Evidence § 285 *et seq* (1940).

We are of the view that the evidence warranted a finding that defendant's wife was authorized to write the letters and that the liability of the defendant upon his contract made during minority was established. Recent statements of the familiar rules are found in *Fossett* v. *Durant*, 150 Me. 413, 113 A. (2nd) 620 (1955), and *Robichaud* v. *St. Cyr*, 150 Me. 168, 107 A. (2nd) 540 (1954).

The entry will be

*Exceptions overruled.*

*Motion for new trial denied.*