[Civ. No. 1686. Fourth Appellate District.—November 6, 1937.]

J. E. LANNAN, Appellant, v. W. T. GARRETT, etc., Defendant and Respondent; LILLIAN SWARTHOUT et al., Third Party Claimants and Respondents.

George I. Devor and Guthrie & Curtis for Appellant.

Denair A. Butler and Joseph M. Maltby for Respondents.

BARNARD, P. J.—This is a proceeding, under section 689 of the Code of Civil Procedure, to determine title to property after the filing of third party claims.

The plaintiff brought an action against the defendant Garrett to recover some $7,000 on certain promissory notes. A writ of attachment was issued as a result of which about $5,550 came into the hands of the sheriff. Three third party claims were filed totalling an amount equal to the funds in the hands of the sheriff. Each of these parties claimed to hold a note signed by Garrett secured by an assignment of a corresponding part of the fund which had been attached, the respective notes and assignments being all dated before suit was filed and attachment issued. The three claims were consolidated for hearing and the plaintiff sought to prove that the notes and assignments were given by Garrett to the claimants through a fraudulent conspiracy to cover up or transfer the funds in question, in order to prevent their being applied in satisfaction of any judgment that might be obtained. Judgment in this proceeding was in favor of the third party claimants and the plaintiff has appealed upon a bill of exceptions, making two assignments of error.

Counsel for appellant asked one of the claimants, on cross-examination, whether or not she knew of the pendency of this action at the time she made the loan to Garrett. An objection was made whereupon counsel made an offer of proof that the witness knew of the pendency of the action at the

time the loan was made, and that by purporting to loan money to Garrett she had taken part in a conspiracy to prevent the application of the funds to the debt due to appellant. The court sustained the objection and refused to permit any further offer of proof, this being the ground of the first exception.

With respect to the second exception, while the respondent Garrett was testifying he was asked by counsel for the appellant what he had done with the $3,000 which it was claimed had been loaned him by Laura Peters. An objection was made on the grounds that the question was incompetent, irrelevant and immaterial. Counsel for the appellant then stated that the purpose of the question was to ascertain whether or not the witness and the third party claimants had entered into a conspiracy with respect to the funds in question. The court sustained the objection and refused to permit the appellant to make any further effort to trace the funds which Garrett claimed to have borrowed from the third party claimants.

This proceeding is somewhat in the nature of a statutory creditor's bill and is similar in effect to the proceeding provided for in section 720 of the Code of Civil Procedure. (*Gilbank* v. *Benton*, 9 Cal. App. (2d) 517 [50 Pac. (2d) 815].) A creditor has a right to attack an assignment made by his debtor on the ground of fraud. (*Dore* v. *Dougherty*, 72 Cal. 232 [13 Pac. 621, 1 Am. St. Rep. 48]; *Kemp* v. *Lynch*, 8 Cal. (2d) 457 [65 Pac. (2d) 1316].) In *Fross* v. *Wotton*, 3 Cal. (2d) 384 [44 Pac. (2d) 350], the court said: "From the very nature of the action direct proof of the fraudulent intent of the parties is an impossibility. For this reason and because the real intent of the parties and the facts of the transactions are peculiarly within the knowledge of those sought to be charged with the fraud, proof indicative of fraud must come by inference from the circumstances surrounding the transaction, the relationship and interests of the parties."

Obviously, the action was not pending on the purported date of the note. But the loan may not have been actually made until after the action was begun. The appellant was entitled to endeavor to find out the facts through cross-examination, particularly in a proceeding of this kind. Even if the loan was in fact made before the action was started,

the witness may have known of the debt upon which it was based and that an action was about to be brought, and may have made the loan for the purpose of forestalling the results of such an action. Aside from any question as to the sufficiency of the first offer of proof made, it was error to refuse to permit any further offer of proof.

The respondents answer the second assignment of error by saying that since Laura Peters and respondent Garrett had theretofore testified that no part of the $3,000 had been repaid to her the question had been fully answered. The statement that that loan had not been repaid was largely a conclusion and in a proceeding such as this, where fraud is relied upon, the exact facts are important. The money might have been returned to Laura Peters under the guise of another loan or in many ways it may have been so handled as to destroy any preference in favor of her assignment as against the writ obtained by the appellant. The very purpose of this proceeding is to give an attaching creditor an opportunity to ascertain the true facts and to protect the third party claimants in a similar manner. Where fraud is charged a wide latitude should be allowed in cross-examining the adverse parties. As a minimum, the attaching creditor under such circumstances as these should be allowed to trace the funds claimed to have been borrowed by his debtor from a third party claimant, and find out what was done with those funds. While the trial court permitted the funds to be traced from the third party claimants into the hands of the respondent Garrett the door was then shut and the appellant was not permitted to find out what he did with them. This line of inquiry had an important bearing upon the question of fraud which was involved, and the refusal to permit any such investigation was necessarily prejudicial to the rights of the appellant. A new hearing should be had with a reasonable opportunity given to the appellant to go into the matter of fraud.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.