[Civ. No. 10667.   First Appellate District, Division Two.—March 24, 1938.]

RALPH CROFTS, Respondent, v. W. O. NICOLAIDES et al., Defendants; DAVID A. NICOLAIDES et al., Appellants.

THE FOX FURNACE COMPANY (a Corporation), Respondent, v. W. O. NICOLAIDES et al., Defendants; DAVID A. NICOLAIDES et al., Appellants.

Fred A. Watkins for Appellants.

Kirkbride & Wilson and Ernest I. Spiegl for Respondents.

NOURSE, P. J.—Two third party claims were by stipulation consolidated for hearing held under section 689 of the Code of Civil Procedure. From an adverse judgment the two claimants have appealed on a joint record. The only question raised on the appeal is the sufficiency of the evidence to support the judgment.

At the outset it should be noted that the code section eliminates findings of fact, hence, our review is limited by the rule that all presumptions and inferences applicable must go to the support of the judgment.

W. O. Nicolaides and David A. Nicolaides were father and son. The father was engaged in the contracting business, and became insolvent. Two judgments were outstanding against him, upon each of which execution had been returned unsatisfied. He formed a partnership with his son under the name of W. O. Nicolaides & Son. This was done after the execution had been issued on the Crofts' judgment. Thereafter the partnership executed a contract for the construction of a building for a third party payable in instalments. A garnishment was issued against the money due the contractor from the owner, but it was released upon payment of a part of the claim, which payment was made by the personal check of the son. Following this transaction, the parties incorporated but continued to conduct the business as individuals, except that a small bank account was opened in the name of the corporation. Thereafter the father executed an assignment to his son of all his interest in the proceeds of the building contract above noted. The executions, which are the basis of the third party claims involved herein, were levied upon the balance due on the building contract, the bank account in the name of the corporation, and the bank account in the name of the son. This corporation and the son are the third party claimants and appellants herein.

No evidence was taken at the hearing upon these claims except that which came from the witnesses produced by the claimants. This evidence is such that the trial court might well have concluded either that no partnership was formed, or that if formed, the parties failed to comply with the statutory requirements, and that the whole plan was merely a scheme to defraud the creditors of the principal debtor. It

appears that none of his assets was transferred to the partnership, nor to the corporation; that no consideration was given for the assignment to his son; and that both the partnership fiction and the corporation were mere instruments used by the debtor for the sole purpose of defrauding his creditors.

If the trial court had been required to make findings of fact, ample evidence would have been present to support findings of that character. In support of the judgment we will assume that the court so found.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.