[Civ. No. 10801. First Appellate District, Division One.—July 24, 1939.]

HELEN GOLDBERG et al., Respondents, v. L. E. ENGELBERG et al., Defendants; MADRONE WINE COMPANY (a Corporation), Appellant.

Glickman & Glickman for Appellant.

Abraham Setzer for Respondents.

WARD, J.—This is an appeal by the Madrone Wine Company from a judgment upon a third party claim and proceedings under section 689 of the Code of Civil Procedure.

Respondents, Helen Goldberg, and Hadassah Goldberg, a minor, recovered a judgment in the superior court against L. E. Engelberg, defendant herein. In connection with this judgment, pursuant to a writ of execution, a levy was made upon any right, title and interest of Engelberg in funds on deposit with the Anglo-California National Bank at Oakland, California, in the name of the Madrone Wine Company, a corporation, the signature card of which company permitted withdrawal of funds only upon the signature of L. E. Engelberg as general manager; later upon the signatures of L. E. Engelberg as manager, or S. Scheinberg, a daughter, as secretary-treasurer. The bank deposited $826.05, levied upon as above, with the sheriff, whereupon the Madrone Wine Company filed a third party claim to the exclusive ownership of, right to and possession of the money. After hearing under the provisions of the above section, judgment was rendered for plaintiffs and respondents.

The evidence introduced tended to show that prior to the incorporation of the Madrone Wine Company, Engelberg conducted a United States bonded storeroom, and in the same location carried on a wine business under the name of Madrone Products Supply Company. Upon incorporation of the wine business, both remained in the same location, the bonded storeroom remaining in Engelberg's name and paying no part of the rent. Later, upon changing location, a lease was taken in the name of Engelberg, with the corporation guaranteeing the payment of rentals. The evidence further showed that the stockholders and directors of the corporation consisted of Engelberg's sister, three daughters and a son-in-law; that the records of the corporation were kept informally and incompletely, and that the meetings were held in Engelberg's home; that the corporation never paid a dividend to the stockholders and that the compensation of Engelberg was computed at the end of each year by the directors upon the recommendation of Engelberg; that his personal obligations were paid by corporation checks, he having no account in his own name, and it was not denied that his personal funds were deposited to the corporation's account; that a copy of a corporate resolution, furnished the bank with the signature card for withdrawal of funds, authorized the bank to accept funds for deposit without inquiry as to their source or disposition, upon the signature of Engelberg; that shortly after the rendition of the judgment in *Goldberg* v. *Engelberg*, Engelberg deeded a ranch containing a United States bonded winery to his wife, the consideration being love and affection; that this property was later listed, however, in an application of the Madrone Wine Company to the commissioner of corporations for a permit to issue stock, as an asset of Engelberg's; that subsequently the wife deeded the property to the corporation upon a verbal promise of stock in the corporation, which stock, however, was never issued to her; that the wine labels used by the company bear the name of L. E. Engelberg as vintner, manufacturer and bottler.

Appellant concedes that the Madrone Wine Company is a "family" corporation, its policies and direction being entirely controlled by the judgment debtor Engelberg. It appears from the testimony of Engelberg's relatives that their purpose in investing in the corporation was to give him a "job". The president of the corporation, Engelberg's son-

in-law, who, with his wife, owned a majority of the corporation's stock, testified that prior and subsequent to the incorporation of the wine company, he was frequently called upon to make loans of money to Engelberg. When asked why he purchased the original stock, he testified: "A. The main reason is from time to time I had to more or less help my father-in-law financially because he was in a very embarrassed position financially. In fact I may say that at one time—. Q. No, just why did you buy the stock? A. Well, just so as to create a position for him more or less and to relieve me from the need of advancing from time to time certain sums of money." Engelberg, however, before the incorporation of the wine company, had a position running the same business under a similar name.

The question to be decided is, was there identity and unity of ownership and interest between the corporation and Engelberg, or, to put the matter in another way, did Engelberg and his family act in good faith in the incorporation of Engelberg's wine business? If the trial court was justified in rendering a judgment upon the implied finding that there was a virtual identity and unity of ownership and interest between the Madrone Wine Company and Engelberg, then we conclude that the inference to be drawn from the intermingling of funds—the payment of Engelberg's personal obligations by the corporation, and the deposit of Engelberg's private funds in the Madrone Wine Company's bank account—is sufficient proof of an inequitable purpose.

Proof of fraudulent intent is seldom obtainable except through inferences drawn from circumstances surrounding a transaction. (*Lannan* v. *Garrett,* 23 Cal. App. (2d) 367 [73 Pac. (2d) 620], citing *Fross* v. *Wotton,* 3 Cal. (2d) 384 [44 Pac. (2d) 350].) In the absence of findings of fact, any reasonable inference drawn may be considered to support the judgment. (*Crofts* v. *Nicolaides,* 25 Cal. App. (2d) 474 [77 Pac. (2d) 882].) A review of the evidence discloses reasonable inferences proving the ownership of the corporate assets by the judgment debtor. The facts are such that a recognition of separate corporate existence would sanction a fraud.

A corporation will not be recognized as a separate legal entity when used as a channel for an illegitimate business purpose, such as the operation of one's own business under the name of the corporation, or for the purpose of pro-

moting an injustice that may result in the perpetration of a fraud. (*Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 Pac. 641] ; *Hollywood Cleaning & P. Co.* v. *Hollywood L. Service*, 217 Cal. 124 [17 Pac. (2d) 709].) In such case law and equity will, when necessary, protect the rights of third parties.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 23, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1939.