STATE OF MAINE *vs.* WILLIAM KOUZOUNAS.

York.     Opinion, January 8, 1941.

*Joseph E. Harvey,* County Attorney for the State.
*Willard & Willard,*
*Ralph M. Ingalls,* for respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

HUDSON, J. Convicted of arson, the respondent presents exceptions relating to the admissibility of certain rebuttal testimony by the State. He had denied in cross-examination that following his arrest he went to Portland for the purpose of consulting counsel with one Nadeau, who had so testified for the State. It was permitted to rebut this denial by the evidence of the consulted attorney.

The contention is that the cross-examiner elicited a collateral fact binding upon the State without right of contradiction.

> "It is true that a witness cannot be cross-examined on collateral matters for the purpose of subsequently contradicting and impeaching his testimony in relation to such collateral matters. . . ." *State* v. *Priest*, 117 Me., 223, 230; *Bessey* v. *Herring*, 121 Me., 539, 541; *Finn* v. *New England Tel. & Tel. Co.*, 101 Me., 279, 281; *State* v. *Benner*, 64 Me., 267, 287; *Davis* v. *Roby*, 64 Me., 427, 430; *Brackett* v. *Weeks*, 43 Me., 291, 293; *State* v. *Sargent*, 32 Me., 429, 431; *Page* v. *Homans*, 14 Me., 478, 483; *Ware* v. *Ware*, 8 Me., 42, 52-55.

The rule applies only to collateral facts. Evidence relevant and material, although drawn out by the cross-examiner, may be contradicted. If a fact educed by cross-examination may be "shown in evidence for any purpose independently of the contradiction," it is not collateral. To be collateral it must be "a fact not bearing upon the issue." *Finn* v. *Telephone Company*, supra, pages 281, and 282.

Was this testimony collateral? Relation to something that transpires after the alleged commission of the offense does not necessarily make it collateral, as, for instance, in *State* v. *Priest*, supra, evidence was held not to be collateral which had to do with a conversation between the respondent and a State's witness following the death of the victim, because it "pertained directly to his conduct" (meaning the respondent's) "in connection with the crime for which he was being tried."

The fact of going to Portland to see the attorney, if true, pertained to the respondent's conduct. Nadeau had testified that the respondent had asked him if he had told on him, to which the reply

was yes; that the respondent, offering him money, asked him to change his testimony, and he assented, following which the respondent took him to Portland for consultation with the attorney. The State contends that the purpose of the consultation was "to fix the case;" that is, to frame a defense. Conduct of a party "tending to show improper motives, or improper practices, with respect to a suit," is admissible. *Littlefield* v. *Cook*, 112 Me., 551, 555, 92 A., 787, 789. While mere consultation with an attorney is not sufficient to show an improper motive or practice, yet it may take place under circumstances that would warrant a jury in finding the act as conduct indicative of guilt. The weight of the evidence, of course, is for the jury. We do not consider that on this record the objection of collaterality is sustainable.

*Exceptions overruled.*