STATE OF MAINE
*vs.*
FRANK C. DAVIS

Cumberland.   Opinion, November 23, 1959.

*Arthur Chapman, Jr.,*
*Clement R. Richardson,* for State.

*John Platz,*
*Bernard T. Hopkins,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. The respondent was tried in Cumberland Superior Court before a jury and found guilty of the crime of operating a motor vehicle on a public way while under the influence of intoxicating liquor.

Part of the evidence adduced by the State was that of the arresting officer, who testified that immediately after his arrest the respondent "swerved" and "staggered" when requested to walk. The respondent admitted an unsteady manner of walking, but contended it was due to physical impairment of his feet brought about by disease and several operations. Through his counsel he requested permission to disclose his feet to the jury. The request was denied and exceptions taken.

Counsel for the respondent then requested permission of the court to make an offer of proof in the absence of the jury, with reference to the condition of respondent's feet. The court denied the request and ruled on the materiality thereof without first hearing the evidence. To this ruling, the respondent also excepted, and the case is before this court on these exceptions.

Manifestly, it was impossible for the court to rule advisedly upon respondent's request to disclose his feet without first listening to respondent's offer of proof.

> "An offer of evidence is intended to inform the court what the party making the offer intends to prove, so that the court may rule intelligently upon the objections to questions which have been asked, and may be necessary in order to preserve an exception to a ruling of the trial court excluding evidence." 53 Am. Jur., Trial § 99, Page 88.

> "The Court is entitled to know * * * before exclusion, all the grounds of admissibility. That he may rule advisedly." *Booth Brothers & Hurricane Island Granite Company v. Smith*, 115 Me. 89, 93; 97 A. 826; *Brown v. McCaffrey, et al.*, 143 Me.

221, 226; 60 A. 2d. 792; *Labbe v. Cyr,* 150 Me. 342, 349; 111 A. 2d. 330.

"An offer of proof stands in the same position as a pleading and it must be made in order to advise the trial court so that it may rule advisedly and in order to preserve an exception to the exclusion of the offered evidence." 88 C. J. S., Trial § 73, Page 179.

"Where an offer of proof is necessary, it is error for the trial court to refuse an opporttunity to counsel to state what he proposes to prove by the evidence offered." 88 C. J. S., Trial § 73, Page 179.

It is our opinion that the presiding justice was in error in his rulings. Counsel for the State has filed no brief, and with a commendable spirit of assuring this respondent a fair trial has conceded that the presiding justice erred in refusing to allow the respondent to make the proposed offer of proof.

The entry will be:

*Exceptions sustained.*