182 So.2d 642 (1966)
James T. BOOKER and Letha M. Booker, Appellants,
v.
Udelio LIMA and Mary Lima, Appellees.
No. 65-445.
District Court of Appeal of Florida. Third District.
February 1, 1966.
Rehearing Denied March 1, 1966.
*643 Pruitt & Pruitt and L.L. Robinson, Miami, for appellants.
Kneale, Roberts, Kneale & Starkweather, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
By this appeal, the defendants in the trial court seek review of an adverse final judgment rendered upon a jury verdict in a negligence action.
From the record on appeal, it appears that the plaintiff was a passenger in an automobile that collided with one owned by the appellant, Letha M. Booker, and driven by James T. Booker. The accident occurred when the two vehicles collided in the parking lot of a shopping center. The only point preserved for review on appeal is the sufficiency of the evidence to support the verdict.
At this stage of the proceedings, all reasonable inferences are resolved in favor of the validity of the verdict. See: F.W. Woolworth Company v. Stevens, Fla.App. 1963, 154 So.2d 201; LeJeune Road Hospital, Incorporated v. Watson, Fla.App. 1965, 171 So.2d 202; Busbee v. Quarrier, Fla.App. 1965, 172 So.2d 17. And, if there is any evidence to support same, it should be affirmed. See: Kowalczyk v. Brudder, Fla.App. 1961, 134 So.2d 532; Prince Michael Corp. v. Zucker, Fla.App. 1962, 147 So.2d 332; Miami Shores Village v. Lingler, Fla.App. 1963, 157 So.2d 716. We have examined the record in light of these principles and find sufficient, competent evidence to support the jury's finding and, therefore, we affirm the final judgment here under review.
At the time of oral argument, counsel for the appellant attempted to raise the question as to the vicarious liability of Letha M. Booker, in view of the fact that the accident in question did not happen on the public streets. We do not reach this question because same was not raised in the pleadings in accordance with § 51.12, Fla. Stat., F.S.A., was not assigned as error, nor urged by any point in the brief.
Therefore, for the reasons stated above the final judgment here under review is hereby affirmed.
Affirmed.