PER CURIAM.
The appellant, Alter, and the appellee, Adams, were co-operating real estate brokers in the sale of an extensive tract of land. After the deal was closed, the ap-pellee, Adams, sued Alter alleging that he was entitled to a larger portion of the commission than he had received. It was alleged that the appellee had accepted a $9,-900 commission upon the representation of Alter that this was the total commission when, in fact, the commission paid to Alter was $45,000. The jury returned a verdict for the appellee in the amount of $20,100. This appeal is from the judgment. We affirm.
*491 Appellant presents two points. The first urges that a new trial should have been granted because the verdict was in violation of the issues outlined at the pretrial conference. Rule 1.16, Florida Rules of Civil Procedure, 30 F.S.A., provides in part as follows: “The court shall make an order reciting the action taken at the conference * * * and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice”. The record presented to us does not contain a pretrial order. The minutes of the pretrial conference would, however, seem to support appellant’s position that the court outlined the issue of the amount of a possible recovery, to be $45,000 or nothing. Nevertheless, evidence was introduced without objection at the trial upon which a possible recovery in a lesser amount could be based. The defendant cross-examined the plaintiff extensively on the point. The court instructed upon the theory of a recovery for a part of the total commission. Under these circumstances, minutes of the pretrial conference must be considered to have been amended to allow a verdict for less than $45,000.
Appellant’s second point urges that fraud, which was the basis for the action, was not proved because the appellee failed to make an investigation. See Kaminsky v. Wye, Fla.App.1961, 132 So.2d 44. A review of the record reveals that there was evidence upon which the jury could find that appellant, Alter, was in control of the sale and that the agreement between Alter and Adams was not an arms-length transaction. The appellant and ap-pellee were real estate brokers, each charged with a duty of honesty and fair dealing; therefore, this case is governed by the principles set forth in Board of Public Instruction of Dade County v. Everett W. Martin & Son, Fla.1957, 97 So.2d 21; Alepgo Corp. v. Pozin, Fla.App.1959, 114 So.2d 645.
Affirmed.