JOHNSON, Judge.
This is an appeal from a final judgment based on a jury verdict, in the amount of $170,000.00 damages for the plaintiff below, who is appellee herein.
The facts, in brief are: the plaintiff stopped on the Northeast corner of the intersection of two “one-way” streets in Jacksonville, awaiting the proper light signal before crossing the street. Upon the proper light signal coming on for pedestrians to “walk,” plaintiff started across the street in the space marked for the pedestrian crosswalk, and had almost reached the center of the street when she was struck by or collided with a bus belonging to the defendant and operated by an employee of the defendant, appellant herein, which bus was making a left turn into the street the appellee was crossing. The testimony from eyewitnesses, developed that the appellee had stopped awaiting the signal before attempting to cross the street. The bus had also stopped for a red light, two or three cars back from the intersection and therefore was travelling very slowly when it made its left turn. The driver of the bus testified that he did not see the appellee, nor any one else, on the corner, but saw appellee in his side rearview mirror just before the impact and seeing that the bus was going to strike appellee, he applied his brakes and stopped within a very short distance. An eyewitness, a passenger on the bus, testified he saw the appellee as she started across the street and watched her until his vision was obstructed by the bus and he heard a thud and cry.
Introduced into evidence by the appellee-plaintiff, also, over defendant’s objection, was a city ordinance providing that “all vehicles turning to the left into another street shall pass to the right of the center of such street before turning.”
Motions for a directed verdict were made by the defendant at the end of plaintiff’s presentation of her case and at the close of all testimony, which were denied. *478 After the jury’s verdict in favor of the plaintiff, the defendant filed motions to set aside the verdict and enter judgment for the defendant or in the alternative to set aside the verdict and grant a new trial. These motions were denied and judgment for plaintiff entered in accordance to the verdict; hence this appeal.
The two primary questions on this appeal are: (1) Whether the trial court erred in denying the motions for a directed verdict and (2) Was prejudicial error committed in permitting the sections of the city ordinance into evidence ?
Treating the points in the order above stated, we are compelled to agree with the appellee that under the evidence produced by eyewitnesses, there were facts where reasonable men could draw varied conclusions from the same evidence, and we accept as the controlling law in this case the language of the Supreme Court of Florida in Nelson v. Ziegler[1] wherein the Court said:
“ * * * In a case of this nature, unless the evidence as a whole with all reasonable deductions to he drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence.”
We think the facts in the case sub judice fall within the purview of the above cited case, therefore there was no error in denying the motions for directed verdict.
As to the second point, whether the admission into evidence of the city ordinance was error, it appears to us that the trial court gave sufficient instructions to the jury to overcome any error, if in fact it was error, which we do not hold it to be. The ordinance was clear and unambiguous. Neither the trial court nor this court can read into an ordinance or act an intent of the legislating body adopting said ordinance or act contrary to that set out in unambiguous language as we find the ordinance in question did. The admission of said ordinance in evidence, therefore, was not, in our opinion, and we so hold, prejudicial to the defendant’s cause.
The judgment appealed is therefore affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Nelson v. Ziegler, 89 So.2d 780 (Fla.1956).