213 So.2d 632 (1968)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
Alfred O. MORGAN, Appellee.
No. 67-1005.
District Court of Appeal of Florida. Third District.
August 20, 1968.
*633 Bolles, Goodwin, Ryskamp & Ware and Howard A. Setlin, Miami, for appellant.
Beckham & McAliley, Podhurst & Orseck, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
This is the second appearance of this case in this court. The case, as originally tried, resulted in a verdict in favor of the railroad. The trial court granted a motion for a new trial, which was affirmed on review in this court. See: Fla. East Coast Railway v. Morgan, Fla.App. 1966, 190 So.2d 794. Following our mandate, the matter came on for retrial and resulted in a verdict in favor of the plaintiff [appellee herein] in the sum of $2,500.00 as compensatory damages and $15,000.00 punitive damages against the defendant railroad [appellant herein] for an alleged intentional tort.
The record on appeal reveals the following: On the morning of August 7, 1963, the appellee [as a result of certain labor unrest and union activities engaged in against the Company] was walking on picket duty in front of the appellant's property in New Smyrna Beach, Florida. This area had a previous experience of violence and hostility between the strikers and employees of the railroad. There had been incidents of rock throwing and gunfire, etc. Some time before the incident in question the appellee was attacked, so he took a gun from his car and carried it upon his person stuck in his belt and visible. About ten minutes after he got the gun, a car containing one J.D. Irwin, Jr. and one Floyd T. Truman [special agents of the railway appointed by the Governor pursuant to Ch. 354, Fla. Stat., F.S.A., and authorized to be armed] approached, escorting a railroad employee who was in a car behind them off the property of the railroad. The appellee made a motion to flag down the employees' car and an altercation ensued in which the driver [Irwin] grabbed the plaintiff's left arm, jerked him towards the car, splitting his lip, at which time the plaintiff reached for the gun in his belt and it was knocked to the ground. At no time did he attempt to discharge the gun and no shots were fired by him. In fact, the evidence indicates that it was impossible for him to cock the gun without the use of both hands. After the altercation had broken off, the appellee was shot by Truman as he was running from the scene. Certain of these facts were in dispute but, at this stage of the proceedings, all conflicts in the evidence and reasonable inferences therefrom are resolved in favor of the verdict. Booker v. Lima, Fla.App. 1966, 182 So.2d 642; Clark v. Wilder, Fla. App. 1966, 192 So.2d 32; North Shore Hospital, Inc. v. Luzi, Fla.App. 1967, 194 So.2d 63.
Following appropriate post-trial motions, this appeal was perfected and the *634 appellant has preserved four points for review: (1) The failure of the trial court to direct a verdict in its favor. (2) Errors of the trial court in denying certain proffered statements. (3) Excessiveness of the punitive damages award. (4) Improper closing arguments by counsel for the plaintiff. We find no merit in the contentions of the appellant and affirm. On a motion for directed verdict, the evidence and reasonable inferences therefrom are viewed in a light most favorable to the party moved against. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Budgen v. Brady, Fla.App. 1958, 103 So.2d 672; Theriault v. Rogers, Fla. App. 1964, 166 So.2d 820; Wilson v. Bailey-Lewis-Williams, Inc., Fla.App. 1967, 194 So.2d 293. Measuring the evidence in light of this principle at the time of the motion, it is apparent that the trial judge was justified in submitting the cause to the jury. Nelson v. Ziegler, supra; Belden v. Lynch, Fla.App. 1961, 126 So.2d 578; Miami Coin-O-Wash, Inc. v. McGough, Fla.App. 1967, 195 So.2d 227; Jacksonville Coach Company v. Decker, Fla.App. 1968, 206 So.2d 476. The principal objection to the evidentiary rulings is that the trial judge refused to permit the defendant to proffer evidence after an objection to the introduction of same had been made, citing Musachia v. Terry, Fla.App. 1962, 140 So.2d 605; Lannan v. Garrett, 23 Cal. App.2d 367, 73 P.2d 620; Fidelity & Casualty Co. v. Weise, 80 Ill. App. 499, rev'd on other grounds, 182 Ill. 496, 55 N.E. 540; State v. Davis, 155 Me. 430, 156 A.2d 392, 89 A.L.R.2d 277; Bextermueller v. Busken, Mo. App. 1964, 376 S.W.2d 621; Browder v. State, 30 Tex. App. 614, 18 S.W. 197; Vanover v. Vanover, 77 Wyo. 55, 307 P.2d 117, 62 A.L.R.2d 931. This went to prior incidents of violence in the vicinity. We find that the substance of the proposed testimony is contained in this record; that one of the questions objected to, in which it is alleged that the proffer was denied, was merely cumulative to other evidence. Therefore, we find no error in the ruling denying further proffer, because the substance was contained in the record for review by this appellate court. Accord, Jacksonville, Tampa & Key West Railroad Company v. Peninsular Land, Transportation and Manufacturing Company, 27 Fla. 1, 157, 9 So. 661, 17 L.R.A. 33, 65; Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314; Edmonds v. State, 163 Neb. 323, 79 N.W.2d 453; 29 Am.Jur.2d, Evidence, § 256. Further, if error had been committed it would merely be harmless, as the proposed testimony was of a cumulative nature. Groover v. Hammond, 73 Fla. 1155, 75 So. 857; Stringfellow v. Adams, 99 Fla. 623, 127 So. 338; BCK Land, Inc. v. Cook, Fla.App. 1960, 119 So.2d 717; § 924.33, Fla. Stat. F.S.A. The other proffer, which it is alleged the trial court erred in refusing to permit into evidence, related to a hypothetical question which was asked. An appropriate objection thereto was made and properly sustained, as the hypothetical question was not based on facts previously adduced in the evidence. Arkin Construction Company v. Simpkins, Fla. 1957, 99 So.2d 557; Fekany v. State Road Department, Fla.App. 1959, 115 So.2d 418; Young v. Pyle, Fla. App. 1962, 145 So.2d 503; Monsalvatge and Company of Miami, Inc. v. Ryder Leasing, Inc., Fla.App. 1963, 151 So.2d 453. Further, the complete question was asked and, therefore, the substance of the alleged proffer is contained in the record.
The fixing of the amount of punitive damages is peculiarly within the province of a jury. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214; Webb's City, Inc. v. Hancur, Fla. App. 1962, 144 So.2d 319; Spencer Ladd's, Inc. v. Lehman, Fla.App. 1964, 167 So.2d 731, rev. on other grounds, 182 So.2d 402. This is not to say that a court may not interfere with the punitive damages award [Florida Central and Peninsular Railroad Company v. Mooney, 45 Fla. 286, 33 So. 1010; Winn & Lovett Grocery Co. v. Archer, supra; 9 Fla.Jur., Damages, §§ 130, 131] but it is in unusual circumstances when a court will hold such an award excessive. Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704; Miami *635 Beach Lerner Shops, Inc. v. Walco Mfg. of Florida, Fla.App. 1958, 106 So.2d 233; 9 Fla.Jur., Damages, §§ 96, 97, and 130. The propriety of liability for punitive damages has not been preserved for review on this record; the only point is as to excessiveness. We fail to find such in this award.
As to the final point [relating to the alleged improper closing argument by plaintiff's counsel], it is contended that error was committed when the trial court permitted plaintiff's counsel in final summation to request the jury to return a punitive damage award between the sum of $10,000.00 and $20,000.00, citing Heddendorf v. Joyce, Fla.App. 1965, 178 So.2d 126. We find this point not to be well taken for several reasons. First, Plaintiff's counsel clearly indicated in his opening argument that a $5,000.00 award of punitive damages would be an insignificant amount to assess against the railroad, putting the defendant on notice that he sought an amount in excess of this sum. Therefore, it did not constitute surprise for him to ask for an amount between the sums of ten and twenty thousand dollars in his closing argument. Second, even if we are inclined to feel that the remarks in closing argument were improper, it is impossible [without the railroad's closing argument being presented to us] to measure whether or not the remarks made might not have been rebuttal of something said by the railroad's counsel in closing argument. Ordinarily, in measuring the propriety of a closing argument, it is necessary to have the entire argument of both sides for its review. Simms v. State, Fla. 1953, 64 So.2d 561; 2 Fla.Jur., Appeals, § 207. This is not to say that a court could not find error with only a portion of the closing argument brought to its attention, but it would appear to be an unusual circumstance.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.