281 So.2d 245 (1973)
J.A. CANTOR & ASSOCIATES, INC., Appellant,
v.
Albert DEVORE d/b/a Devore Realty Association, Appellee.
No. 72-1251.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Rehearing Denied August 27, 1973.
*246 Norman F. Solomon, Miami, for appellant.
Rothenberg, Green & Newman and Richard W. Wasserman, Miami Beach, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
BARKDULL, Chief Judge.
The parties herein are both real estate broker firms. In January of 1971, one David Kaplan [an employee of the appellees] and one Gerald Gour [an employee of the appellant] entered into an oral contract for division of commission earned, in the event of the sale of a certain piece of property in Dade County. This was a course of practice established between the firm by whom Gour was employed and the appellee's office. Pursuant thereto, Kaplan told Gour of a client, who ultimately purchased the property listed with the Cantor agency. When the appellant refused to divide the commission, the appellee brought the instant suit alleging breach of the oral agreement. The appellant defended, alleging it never agreed to divide commissions with the appellee. Issue was joined and the cause proceeded to a jury trial, resulting in the final judgment appealed herein awarding the plaintiff one-half of the commission received by the defendant. Of course, certain of these ultimate facts were in dispute, but the jury having returned a verdict in favor of the plaintiff all the conflicts in the evidence and reasonable inferences therefrom are resolved in favor of the verdict upon these proceedings. Booker v. Lima, Fla.App. 1966, 182 So.2d 642; Clark v. Wilder, Fla.App. 1966, 182 So.2d 642; Florida East Coast Railway Company v. Morgan, Fla.App. 1968, 213 So.2d 632.
This appeal ensued. The appellant contends that the evidence was insufficient to prove authority by the salesman for Cantor to agree to divide the commission; that the trial judge erred in charging the jury on custom of the trade; and that the trial court erred in failing to direct a verdict for the defendant. We affirm.
It has long been established in the law of this State that brokers may divide commissions. Giles v. Wilmott, 59 Fla. 271, 52 So. 287; Carlile v. Spofford, Fla. 1954, 69 So.2d 318; Alter v. Adams, Fla. App. 1966, 185 So.2d 490; 5 Fla.Jur., Brokers, § 39. It has also been established that such an agreement may be an oral one. Bush v. Mattingly, 62 Ariz. 483, 158 P.2d 665; Thompson v. Carey's Real Estate, 335 Mich. 474, 56 N.W.2d 255; Reasoner v. Yates, 90 Neb. 757, 134 N.W. 651; Sorenson v. Brice Realty Company, 204 Or. 223, 282 P.2d 1057; Niemann v. Severson, 246 Wis. 636, 18 N.W.2d 338; 12 Am.Jur.2d, Brokers, § 176; Anno. 44 A.L.R.2d 741. It has also been established that it is a question of fact, under appropriate instructions, for a jury to determine the apparent authority of an agent to bind his principal. Bush Grocery Company v. Conely, 61 Fla. 131, 53 So. 329; Parsons v. *247 Federal Realty Corporation, 105 Fla. 105, 143 So. 912; Willis v. Clark, Fla.App. 1961, 135 So.2d 260. And, it was appropriate for the trial judge in this brokerage commission suit to charge the jury on the custom of the trade. Compare: Blackburn v. Alachua County Broadcasting Company, Fla.App. 1961, 126 So.2d 303; National Airlines, Inc. v. Oscar E. Dooly Associates, Inc. Fla.App. 1964, 160 So.2d 53; Miller v. Watson, Ct.Civ.App., Tex. 1953, 257 S.W.2d 839.
The jury resolved the controverted facts in this case adverse to the appellant. Viewing the evidence in a light most favorable to the verdict, as we are required to do [Booker v. Lima, supra; Clark v. Wilder, supra; Florida East Coast Railway Company v. Morgan, supra], we find no error on the part of the trial judge which would justify a reversal in this cause.
Affirmed.