STATE of Maine

v.

Robert RAUSCH.

Supreme Judicial Court of Maine.

Nov. 15, 1976.

Joseph M. Jabar, Dist. Atty., Robert J. Daviau, Asst. Dist. Atty., Augusta, for plaintiff.

Lipman, Parks & Livingston, P.A. by John M. Parks, Sumner H. Lipman, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant was indicted, tried before a jury and convicted of conspiracy to sell amphetamines in violation of 17 M.R.S.A. § 951 and has appealed.

We deny the appeal.

The sole issue raised by this appeal is whether the Justice below committed error in ruling that certain evidence outlined by the defendant in an offer of proof was inadmissible.

During the cross-examination of one of the witnesses for the State, the following dialogue took place:

"Q. Have you ever dealt drugs yourself?

A. Have I ever dealt drugs myself?

Q. Yes, ma'am.

A. No.

Q. Never?

A. No."

Preliminary to the presentation of defense testimony, defendant sought by the following offer of proof to establish the

---

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

admissibility of evidence to contradict that above quoted:

> "[DEFENSE COUNSEL]: We have several witnesses who will testify contrary to what [the State's witness] stated. She does sell drugs, she is selling drugs right up to the very present time.
>
> [THE COURT]: I will not permit that evidence.
>
> [DEFENSE COUNSEL]: *It is impeachment on a collateral matter.*[1]
>
> Could I make an offer of proof on that? (Emphasis supplied.)
>
> [THE COURT]: Yes, if you want to, certainly.
>
> [DEFENSE COUNSEL]: I would like to make an offer of proof. We have several witnesses present and available.
>
> [THE COURT]: Put their names on the record, please.
>
> [DEFENSE COUNSEL]: Mr. V. . . S. . ., Mr. F. . ., T. . . T. . ., H. . .. P. . ., E. . . H. . .. They are available and they have represented to me, if they were permitted to testify, that they had purchased certain drugs from [the State's witness], contrary to that which he testified to yesterday."

Contrary to the reason advanced to the Justice below for offering the excluded testimony, the defendant asserts *for the first time on appeal* that the proffered evidence was not collateral because it was relevant to the issue of the witness' bias and prejudice toward the defendant.[2]

> "It is not an uncommon thing to refuse to sustain exceptions to the admission or exclusion of testimony on grounds argued in the Law Court which were not stated to the court at the trial. The court ruling is entitled to know . . . before exclusion, all the grounds of admissibility, that he may rule advisedly."

*Booth Bros. & Hurricane Island Granite Co. v. Smith,* 115 Me. 89, 93, 97 A. 826, 828 (1916). *See also State v. Davis,* 155 Me. 430, 431, 156 A.2d 392, 393 (1959).

> "Where a party offers evidence which is inadmissible generally but is admissible for a specific purpose, the purpose for which the offer is made should be stated; otherwise, the court may exclude it." [3]

75 Am.Jur.2d, *Trial* § 132 at 228. *See also Id.* § 131.

The only supportive case cited by the appellant is *State v. Kouzounas,* 137 Me. 198, 17 A.2d 147 (1941). As we read *Kouzounas,* it stands for the proposition that if a criminal defendant denies on cross-examination a relevant fact (conduct indicative

---

1. It is generally held that a witness cannot be impeached on collateral matters. *See, e. g., State v. Brown,* 321 A.2d 478 (Me.1974); *State v. Gervais,* 317 A.2d 796 (Me.1974); *State v. Miller,* 252 A.2d 321 (Me.1969); *State v. Biddison,* 159 Me. 475, 195 A.2d 532 (1963). *See generally* 3A Wigmore on Evidence, §§ 1001, 1002 at 958–61.

2. In his brief appellant argues as follows: "Indeed, if she was one of [his] competitors, [the State's witness] might well have wanted to see . . . Rausch . . . out of the way and would have been willing to falsify her testimony to accomplish that goal."

3. Rule 103(a)(2), Maine Rules of Evidence, which is declaratory of Maine law, provides:

> "(a) . . . Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> . . . . .
>
> (2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

It was not apparent from the context of the offer of proof that the testimony was offered to show bias and prejudice, thus negating any need to state the underlying purpose of the offer.

of guilt of the crime charged), evidence to prove such fact is not collateral and is admissible in rebuttal. On the facts before us the proffered testimony was tendered merely for impeachment purposes, was unassociated with the crime charged and was unrelated to any conduct between the State's witness and the appellant, facts entirely inapposite to those in *Kouzounas*.

The entry is:

Appeal denied.

POMEROY and DELAHANTY, JJ., did not sit.

All Justices concurring.