PER CURIAM.
Appellant appeals from a final judgment entered pursuant to an adverse jury verdict in a negligence, personal injury action.
Plaintiff-appellant, an eighty-year old woman, suffered a broken hip while alighting from a bus operated by defendant-ap-pellee. It was appellant’s contention at trial, that the accident was proximately caused by appellee’s driver parking his bus in such a position that the exit door directly overlooked a recessed sewage drain. Appellant argued that, in so parking his vehicle in the above manner, the driver created a negligent condition, i.e., an unusually high (20 inches) final step, causing appellant to lose her balance upon disembarkment and fall, seriously injuring herself.
Appellee’s driver admitted that if he had parked the bus in such a manner, then he would have been in violation of appellee’s own safety rules, however, he denied that the drain was directly under the exit door. His testimony appeared to be corroborated by appellee’s accident investigator, whose photographs of the scene were introduced into evidence. (Curiously, no photograph was taken from a position directly head-on, so as to dispositively resolve the above issue.)
Appellant, on the other hand, introduced testimony of two eye-witnesses to the accident — the exiting passenger directly preceding appellant and the exiting passenger directly in back of appellant. Both testified that the drain was directly below the exit door. Another witness, a rescue squad worker, also testified to that same effect. It was also brought out by appellant that only a few feet further from where the bus had stopped was a safe disembarking area where a bus bench had been installed.
At the close of the trial, the jury retired, deliberated, and found for the defendant on the issue of negligence.' A final judgment was rendered in appellee’s favor and this appeal follows.
Appellant contends that the jury verdict for appellee was against the manifest weight of the evidence requiring reversal. In addition, appellant cites as error the trial judge’s failure to direct a verdict for appellant on the issue of liability and his failure to set aside the jury verdict.
Generally speaking, although the evidence may be susceptible to different inferences, a jury verdict is entitled to all reasonable inferences to be drawn from the evidence and said verdict is favored with a presumption of correctness. All-Star Insurance Corporation v. Scandia,.Inc., 321 So.2d 575 (Fla. 3d DCA 1975). As long as there was sufficient competent evidence before the jury from whence the jurors could have reached the findings of fact inherent in the verdict, an appellate court will not disturb the result. Thompson v. Jacobs, 314 So.2d 797 (Fla. 1st DCA 1975). This is true even though the court, sitting as jurors, might have reached a different conclusion. Hobeau Farm, Inc. v. Monroe Road Company, Inc., 223 So.2d 62 (Fla. 1st DCA 1969).
Resolving all conflicts in the evidence in appellee’s favor and taking all inferences fairly deducible therefrom, in the light most favorable to appellee, we must affirm the judgment based on the jury’s verdict. Prince Michael Corp. v. Zucker, 147 So.2d 332 (Fla. 3d DCA 1962); J. A. Cantor & Associates, Inc. v. Devore, 281 So.2d 245 (Fla. 3d DCA 1973).
In addition, there being contradictory evidence presented on the negligence issue, it was not error to refuse to direct a verdict for appellant on the issue of liability. Southern Bell Telephone and Telegraph Company v. Linder, 181 So.2d 697 (Fla. 3d DCA 1966).
After having considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles *848 of law, we conclude that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment is affirmed.
Affirmed.