Filed 11/12/20; Certified for Publication 12/7/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MING-HSIANG KAO, | |
| Plaintiff and Respondent, | A157886 |
| | A158531 |
| v. | |
| | (San Mateo County |
| JOY HOLIDAY, et al., | Super. Ct. No. CIV509729) |
| Defendants and Appellants. | |

In these consolidated appeals, defendants Joy Holiday[1], Jessy Lin, and Harry Chen appeal from an amended judgment and order awarding plaintiff Ming-Hsiang Kao unpaid wages, attorney fees, and costs, payable jointly and severally. [2]

---

[1] Although Joy Holiday is a California corporation, it was sued as "Joy Holiday," which is the appellation used by the parties and this court in referring to that entity.

[2] On our own motion, after appellants filed separate records and the parties completed briefing, we consolidated the appeal from the amended judgment (case No. A157886) and the appeal from the order awarding attorney fees and costs (case No. A158531) for oral argument and disposition.

Defendants Lin and Chen challenge the trial court's ruling that they were personally liable for Kao's damages based upon both alter ago and joint employer liability theories. We affirm.

We dismiss the appeals filed on behalf of defendant Joy Holiday as no relief is sought on behalf of that entity. (See *Golightly v. Molina* (2014) 229 Cal.App.4th 1501, 1519 [appellate " 'review is limited to issues which have been adequately raised and briefed' "].)

## FACTUAL AND PROCEDURAL BACKGROUND

We set forth only those facts, taken in part from our prior decision in *Kao v. Holiday* (2017) 12 Cal.App.5th 947, 951-954 (*Kao I* ), necessary to give context to the resolution of these appeals.

### A. Background

Joy Holiday was a travel tour company operating bus tours across the United States and China for Chinese-speaking travelers. Lin and Chen (collectively referred to as "appellants"), a married couple, owned and operated Joy Holiday as a closely-held corporation.

In early 2009, Kao, a Taiwanese national, came to the United States after accepting a job offer from Joy Holiday. Appellants intended to sponsor Kao for an H-1B work visa, and eventually – in October 2009 – Joy Holiday filed a visa application stating it wished to employ Kao as a computer systems administrator working at least 20 hours per week at an hourly salary of $29.30.

Before receipt of the H-1B visa, in March 2009, Kao moved into appellants' home and began working for Joy Holiday at its Millbrae office. Appellants paid Kao $1,700 monthly, representing a gross amount of $2,500 less $800 for rent. Appellants characterized the payments, variously, as an allowance, stipend, or payments for learning

2

as a student. Joy Holiday's chief financial officer and accountant characterized the payments as salary and recorded them in a handwritten salary record despite Kao not being on the company payroll. Several payments made by check contained the notation " 'salary' " on the memo line, but Kao received no itemized statements of wages or hours.

After receipt of the H-1B visa, in February 2010, Kao signed a one-paragraph work agreement stating he was hired as the office manager and was put on Joy Holiday's payroll. He agreed to a $2,500 monthly salary, with an obligation to work a minimum of 20 hours per week. Kao normally worked a minimum of 10 to 12 hours daily, or approximately 50 hours per week. Two months later, his rent was reduced to $600 and he began receiving $1,900 per month.

In January 2011, Kao was demoted to non-managerial status and his gross monthly salary was reduced to $2,000. While Kao moved into his own apartment sometime in 2011 while working for Joy Holiday, the payroll records reflect the $600 rent deduction through April 2011. Kao's employment was terminated in May 2011.

Kao filed a lawsuit against Joy Holiday and appellants, in which he alleged causes of action for violations of federal and state law regulating minimum wage and overtime pay. (29 U.S.C. § 201 et seq.; Lab. Code, §§ 1194, 1194.2.) Following a bench trial, the trial court rejected all of Kao's statutory wage claims but found he was entitled to recover unpaid wages under a quantum meruit theory.

On appeal, we reversed as Kao was a non-exempt employee of Joy Holiday and therefore entitled to recover unpaid wages under his statutory law claims. (*Kao I*, *supra*, 12 Cal.App.5th at p. 960.) We

3

found Kao had worked 50 hours per week from February 2010 through May 2011 and made no express findings as to Kao's work hours between March 2009 and January 2010. (*Id.* at p. 960.) We remanded the matter to the trial court with instructions to calculate the wage and overtime payments for Kao's entire employment from March 2009 to May 2011, including a determination of the number of hours worked from March 2009 through January 2010 and of compensation rates. (*Id.* at pp. 960, 963.)

### B.    Current Trial Proceedings

The parties agreed the trial court could consider exhibits admitted into evidence in the prior trial along with transcripts of the prior trial proceeding. The parties filed trial briefs, waived opening statements, and stipulated to written closing arguments. Kao testified on his own behalf regarding his compensation, while defendants presented no additional evidence.

In an amended judgment filed on May 21, 2019, and an order filed on July 30, 2019, Kao was awarded $481,088.94 for violations of Labor Code sections 1194 and 1194.2 (unpaid wages, attorney fees, and costs) payable by appellants, jointly and severally, with Joy Holiday. This sum represented the total of the principal sum of $109,550.57 plus prejudgment interest of $97,400.00 for unpaid wages, $265,536.00 for attorney fees, and $8,602.37 for costs.

In its statement of decision, the trial court found that Kao was employed by Joy Holiday and it was appropriate to invoke the alter ego doctrine to hold appellants personally liable for wages owed to Kao. After stating the governing law, the trial court set forth the facts supporting its ruling as follows:

4

Defendant Lin and Defendant Chen testified at the prior trial as follows: [3] Joy Holiday is a California corporation with its principle [sic] place of business in Millbrae, San Mateo County. [Lin] and Chen were married at all times that Plaintiff worked for Joy Holiday. Joy Holiday was founded by Lin and Chen, was jointly owned by Lin and Chen, and was jointly controlled by Lin and Chen (who made business decisions together). Chen is the Chief Executive Officer and Lin is the President of Joy Holiday. Chen also served as the 'general manager' of Joy Holiday in its daily operations, sales and marketing. [Later, Plaintiff was given the duties of 'office manager'.] During the relevant time period, Joy Holiday had approximately eleven employees. Lin and Chen discussed and agreed to hire Plaintiff to work at Joy Holiday, and discussed with Plaintiff that he would be paid $2500 per month. Lin and Chen paid for Plaintiff to come to California from Taiwan, and provided Plaintiff a place to stay in their personal home. Lin and Chen had Joy Holiday pay the rent for their home, allegedly as a 'loan,' until the IRS later conducted [an] audit and required Lin and Chen to pay back the rent money to Joy Holiday. Lin and Chen personally charged Plaintiff 'rent,' which 'rent' they had the Joy Holiday bookkeeper take out of Plaintiff's payroll. When Plaintiff first started working for Joy Holiday, he only had a tourist visa, and applied for an H-1B work visa. Lin signed the letter to the government in support of Plaintiff's visa. While awaiting the H-1B visa, Lin paid Plaintiff his

---

[3] Appellants have not submitted as part of the record on appeal the prior trial transcripts and exhibits considered by the trial court at the retrial. Instead, in footnote one of their opening brief in case No. A157886, appellants ask us to take judicial notice of the reporter's transcript submitted in *Kao I*. We deny the request for judicial notice on procedural grounds as it fails to comply with the California Rules of Court, rule 8.252(a), which states that in order to obtain judicial notice by a reviewing court under Evidence Code section 459, "a party must serve and file a separate motion with a proposed order" and a copy of the matter to be judicially noticed or an explanation as to why it is not practicable to submit such a copy.

5

monthly $2500 out of her own cash funds – for which she thereafter sought and obtained reimbursement by Joy Holiday. Joy Holiday had a time clock for employees to punch-in and punch-out their hours in the office. Lin and Chen did not require themselves to keep time records for their own time. As part of his job, Plaintiff accompanied Lin on business trips to Asia. These were business networking trips, with the schedule and activities set by Lin. Lin and Chen made the decision to terminate Plaintiff.

## DISCUSSION

Appellants argue the trial court erred in finding they were the alter egos of Joy Holiday, and therefore personally liable for Kao's unpaid wages and related attorney fees and costs. We see no merit to this claim.

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. [Citation.] In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation: 'As the separate personality of the corporation is a statutory privilege, it must be *used* for legitimate business purposes and must not be perverted. When it is abused it will be disregarded and the corporation looked at as a collection or association of individuals, so that . . . the [individuals will be] liable for acts done in the name of the corporation.' [Citation.]" (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300; italics added.) [4]

_____

[4] While the Labor Code was amended after this lawsuit was filed to permit an aggrieved employee to recover unpaid wages against corporate officers and directors responsible for the nonpayment of wages (Lab. Code, § 588.1), Kao retained the right to sue to recover his

6

Whether to invoke alter ego liability depends on both: (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and (2) whether "adherence to the fiction of separate existence would, under the circumstances, promote fraud or injustice. On the second score it is sufficient that it appear that recognition of the acts as those of a corporation only will produce inequitable results. [Citations.]" (*Watson v. Commonwealth Ins. Co.* (1936) 8 Cal.2d 61, 68; *Turman v. Superior Court* (2017) 17 Cal.App.5th 969, 981 [invocation of alter ego liability is not dependent on whether the corporation is " 'a real business with real purpose and assets and not a sham corporate entity *formed* for the purpose of committing a fraud or other misdeeds' "; italics in original].)

Factors a trial court may consider when deciding unity of interest and whether the fiction of a separate existence would promote fraud and injustice include the following: "Commingling of funds and other assets . . . ; the treatment by an individual of the assets of the corporation as his own . . . ; . . . the failure to maintain . . . adequate corporate records . . . ; . . . sole ownership of all of the stock in a corporation by . . . the members of a family . . . ; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual . . . ; . . . [the] concealment of personal business activities . . . ; the use of the corporate entity to procure labor, services or merchandise for another person or entity ; . . . or the use of a

_____

unpaid wages against appellants on a theory of alter ego liability. (*Voris v. Lampert* (2019) 7 Cal.5th 1141, 1159-1160 [regardless of available statutory remedies, "where there is evidence that officers or directors have abused the corporate form, a plaintiff may proceed on a theory of alter ego liability"].)

corporation as a subterfuge of illegal transactions." (*Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal.App.2d 825, 838-840 (*Associated Vendors*).)

We uphold a trial court's ruling of alter ego liability if it is supported by substantial evidence as the invocation of alter ego liability "is primarily one for the trial court and is not a question of law." (*Alexander v. Abbey of Chimes* (1980) 104 Cal.App.3d 39, 47.) "In general, in reviewing a judgment based upon a statement of decision following a bench trial, 'any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. [Citations.]' [ Citation.] In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.]' [Citation.]" (*Estate of Young* (2008) 160 Cal.App.4th 62, 75-76; see *Baize v. Eastridge Companies*, *LLC* (2006) 142 Cal.App.4th 293, 302 (*Baize*) [accord].)

Appellants do not contest the trial court's factual findings but, rather, argue that the factual findings are insufficient to support alter ego liability. In doing so, they cite to cases in which the courts discuss the sufficiency of alter ego allegations in the context of demurrer (*A.J. Fistes Corp. v. GDL Best Contractors, Inc.* (2019) 38 Cal.App.5th 677, 696; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 235) and summary judgment (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 415).

Specifically, appellants argue the alter ego ruling was based solely on two factors – appellants "owned all of Joy Holiday's stock and

made all of the management decisions" — which taken together are not sufficient to support a showing of unity and interest. Appellants are wrong. The trial court also found they commingled assets and made unauthorized use of corporate assets as they used corporate funds to pay their personal rent and used personal funds to pay Kao's salary.

Appellants further contend there was no evidence (or finding made) of an unjust result if Joy Holiday " 'is treated as the sole actor' " responsible for Kao's unpaid wages and related attorney fees and costs. However, given the evidence of unity of interest and ownership between appellants and Joy Holiday, the trial court could reasonably find that "the inference to be drawn" from appellants' commingling of assets and unauthorized use of corporate assets to pay personal expenses was "sufficient proof" that a failure to disregard the corporate entity would lead to an inequitable result. (*Goldberg v. Engelberg* (1939) 34 Cal.App.2d 10, 13 ["a virtual identity and unity of ownership and interest" between judgment debtor and corporation and "the inference to be drawn from the intermingling of funds" – the payment of the judgment debtor's personal obligations by the corporation, and the deposit of the judgment debtor's private funds in the corporation's bank account – were "sufficient proof of an inequitable purpose"]; see *Baize, supra*, 142 Cal.App.4th at p. 303 [appellate court upheld trial court's finding of alter ego liability of several entities based on "common ownership, officers and/or directors," shared employees, shared offices, and the same attorneys, and "[m]ore importantly," within the corporate entities "accounting entries were made to shift revenue profits freely for the tax and corporate benefit of the entities and the owners"].)

9

We also are not persuaded by appellants' assertion that the alter ego ruling cannot stand because there was no evidence, and therefore no findings, that Joy Holiday was undercapitalized or that Joy Holiday was a mere shell or conduit for the business of appellants. It was for the trial court to determine whether the presence or absence of any factor listed in *Associated Vendors*, *supra*, 210 Cal.App.2d 825, "as well as the consideration of any other circumstances" warranted invoking the alter ego doctrine. (*Arnold v. Browne* (1972) 27 Cal.App.3d 386, 395, disapproved on another ground in *Reynolds Metal Co. v. Alperson* (1979) 25 Cal.3d 124, 129.) Therefore, it is no surprise that appellants cite no case holding that the absence of these factors *precludes* a trial court from invoking the alter ego doctrine.

Accordingly, we uphold the trial court's ruling that appellants, as the alter egos of Joy Holiday, are personally liable for the sums awarded as delineated in the amended judgment and order. In light of our determination, we need not and do not address the trial court's ruling that appellants were also personally liable as joint employers of Kao.

## DISPOSITION

The appeals filed by defendant Joy Holiday in case No. A157886 and case No. A158531 are dismissed.

In case No. A157886, the amended judgment filed on May 21, 2019 is affirmed.

In case No. A158531, the order filed on July 30, 2019 is affirmed.

Plaintiff and Respondent Ming-Hsiang Kao is awarded costs on these consolidated appeals.

10

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

Filed 12/7/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MING-HSIANG KAO,<br>Plaintiff and Respondent,<br><br>v.<br><br>JOY HOLIDAY, et al.,<br>Defendants and Appellants. | A157886<br>A158531<br><br>(San Mateo County<br>Super. Ct. No. CIV509729) |

THE COURT:

The opinion in the above-entitled matter, filed on November 12, 2020, was not certified for publication in the Official Reports. For good cause, the request for publication is granted.

Pursuant to rule 8.1105(c) of the California Rules of Court, the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Date: <u>December 7, 2020</u>          <u>    FUJISAKI, J    </u>, Acting P. J.

1

Trial Court: San Mateo County Superior Court

Trial Judge: Hon. Marie Weiner

Counsel:     Lohr Ripamonti & Segarich, Roberto Ripamonti, for Plaintiff and Respondent.

          WHGC, Michael G. York, for Defendants and Appellants.

*A157886/A158531/ Kao v. Holiday et al.*